# EXHIBIT F

## COPYRIGHT ASSIGNMENT

For valuable consideration, receipt of which is hereby acknowledged, effective as of this 7th day of September, 2018 (the "Effective Date"), the undersigned Ronald Isley ("Ronald") and Rudolph Bernard Isley p/k/a Rudolph Isley ("Rudolph"), both individually and in their capacity as co-administrators of The Estate of O'Kelly Isley, Jr. (the "O'Kelly Estate"), Sheila Denise Isley ("Sheila"), individually and in her capacity as administrator of The Estate of Marvin Isley (the "Marvin Estate") and Isley Brothers, L.L.C. ("IBLLC") (Ronald, Rudolph, the O'Kelly Estate, Sheila, the Marvin Estate, IBLLC and each of their respective predecessors in interest or affiliates are sometimes hereinafter individually and collectively referred to as "Assignor") hereby irrevocably sell, assign, transfer, and convey to Reservoir Media Management, Inc. ("Assignee") in perpetuity an undivided one hundred percent (100%) of all right, title and interest of Assignor and/or any affiliate, predecessor, and/or successor of Assignor, including, without limitation, Bovina Music, Inc., T-Neck Records, Inc., Teaneck Pub. Co., Three Boys Music, Corp., and Triple Three Music, Inc., and/or any affiliate, predecessor, and/or successor of any of the foregoing (individually and collectively, each an "Assignor Related Entity") in and to the following:

(a)     any and all musical compositions and/or musical works written in whole or in part by any or all of Ronald, Rudolph, and/or O'Kelly Isley, Jr. a/k/a Kelly Isley ("O'Kelly") (collectively, the "Bandmembers") on or before December 31, 1983, including, without limitation, the musical compositions and musical works listed on Schedule A attached hereto and by this reference made a part hereof, whether the same were originally claimed or registered as a musical composition or as a musical part of a dramatico-musical work, and any music, lyrics, titles or cues thereof, whether domestic or foreign, and/or any direct or indirect interests therein or other rights arising therefrom, respecting which Assignor and/or any Assignor Related Entity currently owns and/or controls any right, title or interest anywhere in the world (whether resulting from sole or partial ownership of the copyrights therein, a contract granting a right to participate in the proceeds or exploitation thereof, or otherwise), as well as any derivative works based thereon now existing or hereafter created, regardless of whether such derivative works were created before or after December 31, 1983 or are hereafter created from and after the Effective Date, in each instance to the extent of Assignor's and/or any Assignor Related Entity's interest therein (collectively, the "Compositions"), including, without limitation, all rights under United States federal or state copyright or foreign copyright and all renewals, extensions, continuations, restorations and revivals thereof (whether vested, contingent or inchoate, whether registered or unregistered and whether such renewals, extensions, continuations, restorations and revivals are now in existence or hereafter come into existence for any reason, including, but not limited to, as a result of future legislation or the interpretation thereof), in all countries of the world or otherwise throughout the universe, as well as all United States or foreign applications for copyright registration and all causes of action, including without limitation those for infringement, arising from the date of creation of the work, whether now known or unknown to Assignor or Assignee in all events, to the extent of Assignor's and/or any Assignor Related Entity's current or future interest therein;

(b)     any and all credits, monies, fees, royalties, revenues, amounts and sums of any kind or description (collectively, "Royalties") payable and/or becoming payable from and after July 31, 2018 by any individual, corporation, partnership, association or any other organized group of persons or legal successors or representatives of the foregoing (each, an "Entity"), anywhere in the universe, with respect to (i) Assignor's and/or any Assignor Related Entity's

1

copyright ownership interest in and to the Compositions in connection with the use or exploitation thereof anywhere in the world, including, but not limited to, the so-called "publisher's share" of Royalties payable by the American Society of Composers, Authors ("ASCAP"), Broadcast Music, Inc. ("BMI"), and/or any other performing rights society or organization anywhere in the world or any other Entity in respect of the public performance or other use or exploitation of the Compositions, and/or (ii) the capacity of any Bandmember as a songwriter, lyricist, composer or arranger of the Compositions in connection with the use or exploitation thereof anywhere in the world, including, but not limited to, the so-called "writer's share" of Royalties payable by ASCAP, BMI and/or any other performing rights society or organization anywhere in the world or any other Entity in respect of the public performance or other use or exploitation of the Compositions;

(c) any and all audio-only and audiovisual recordings, master recordings, sound recordings and phonorecords originally recorded on or before December 31, 1983 (i) embodying the performance of the Bandmembers (individually or together with other recording artists, including as a member of the musical group known as The Isley Brothers) and/or respecting which any Bandmember rendered services as a recording artist, performer or producer, and/or (iii) otherwise respecting which Assignor and/or any Assignor Related Entity currently owns and/or controls any right, title or interest therein anywhere in the world (whether resulting from sole or partial ownership of the copyrights therein, a contract granting a right to participate in the proceeds or exploitation thereof, ownership of any portion of the Royalties therein, or otherwise), including, without limitation, the recordings and phonorecords listed on Schedule B attached hereto and by this reference made a part hereof, and/or any direct or indirect interests therein or other rights arising therefrom, as well as any derivative works based thereon now existing or hereafter created, regardless of whether such derivative works were created before or after December 31, 1983, or are hereafter created from and after the Effective Date, in each instance to the extent of Assignor's and/or any Assignor Related Entity's interest therein (collectively, the "Masters"), including, without limitation, all rights under United States federal or state copyright or foreign copyright and all renewals, extensions, continuations, restorations and revivals thereof (whether vested, contingent or inchoate, whether registered or unregistered and whether such renewals, extensions, continuations, restorations and revivals are now in existence or come into existence for any reason, including, but not limited to, as a result of future legislation or the interpretation thereof), in all countries of the world or otherwise throughout the universe, as well as all United States or foreign applications for copyright registration and all causes of action, including without limitation those for infringement, arising from the date of creation of the work, whether now known or unknown to Assignor or Assignee in all events, to the extent of Assignor's and/or any Assignor Related Entity's current or future interest therein; and

(d) any and all Royalties payable or becoming payable from and after July 31, 2018 by any Entity anywhere in the universe with respect to Assignor's and/or any Assignor Related Entity's ownership interest in and to the Masters as described in clause (c) above, in connection with the use or exploitation thereof anywhere in the world.

If any provision of this instrument of transfer shall be held void, invalid or inoperative, no other provision of this instrument of transfer shall be affected as a result thereof and, accordingly, the remaining provisions of this instrument of transfer shall remain in full force and effect.

[SIGNATURE PAGE TO FOLLOW]

2

IN WITNESS WHEREOF, the undersigned have duly executed this Assignment the date first stated above.

ASSIGNOR:

_____
RONALD ISLEY

_____
RUDOLPH BERNARD ISLEY

THE ESTATE OF O'KELLY ISLEY, JR.

By: _____
Ronald Isley, Co-Administrator

By: _____
Rudolph Bernard Isley, Co-Administrator

_____
SHEILA DENISE ISLEY

THE ESTATE OF MARVIN ISLEY

By: _____
Sheila Denise Isley, Administrator

ISLEY BROTHERS, L.L.C.

By: _____
Ronald Isley, President

By: Royalty Venture I SPC, Inc.
Its: Managing Member

By: _____
Ronald Isley, President

By: _____
Rudolph Bernard Isley, Member

_____
Ronald Isley, Member

IN WITNESS WHEREOF, the undersigned have duly executed this Assignment the date first stated above.

ASSIGNOR:

RONALD ISLEY

*[signature]*

RUDOLPH BERNARD ISLEY

THE ESTATE OF O'KELLY ISLEY, JR.

By: _____
       Ronald Isley, Co-Administrator

By: *[signature]*
       Rudolph Bernard Isley, Co-Administrator

SHEILA DENISE ISLEY

THE ESTATE OF MARVIN ISLEY

By: _____
       Sheila Denise Isley, Administrator

ISLEY BROTHERS, L.L.C.

By: _____
       Ronald Isley, President

By: Royalty Venture I SPC, Inc.
Its: Managing Member

By: _____
       Ronald Isley, President

By: *[signature]*
       Rudolph Bernard Isley, Member

By: *[signature]*
       Elaine Isley, Member