```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
    THE PULLMAN GROUP, LLC,

                          Plaintiff,      1:20-cv-07293-GHW

           -against-      ORDER TO SHOW CAUSE

    RONALD ISLEY, RUDOLPH ISLEY,
    RESERVOIR MEDIA MANAGEMENT, INC.,
    THE ESTATE OF O'KELLY ISLEY, J.R.,
    ISLEY BROTHERS, L.L.C., ISLEY BROTHERS
    ROYALTY VENTURE I SPC, INC., THREE
    BOYS MUSIC CORPORATION, BOVINA
    MUSIC, INC., T-NECK RECORDS, INC.,
    TRIPLE THREE MUSIC, INC. and JOHN DOE
    CORPORATIONS 1-5,

                          Defendants.
------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

      Plaintiff commenced this action on September 8, 2020 against the above-captioned defendants. As the basis for this Court's subject matter jurisdiction, plaintiff invokes 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000. Dkt. No. 1 ("Complaint") at ¶ 26. To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Plaintiff, as the party invoking diversity jurisdiction, "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

Plaintiff alleges that Defendants Three Boys Music Corporation, Bovina Music, Inc., T-Neck Records, Inc., and Triple Three Music, Inc. are or were New York corporations.  *See* Complaint ¶¶ 19-22.  Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  Plaintiff fails to properly allege the principal place of business for these corporate defendants.

Plaintiff also alleges that Defendant Isley Brothers Royalty Venture I SPC, Inc. is a limited liability company.  Complaint ¶ 18.  When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members."  *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).  Plaintiff fails to properly allege the citizenship of the members of Defendant Isley Brothers Royalty Venture I SPC, Inc.

Plaintiff also fails to properly allege the citizenship of Defendant The Estate of O'Kelley Isley, J.R.  Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  Plaintiff fails to allege the citizenship of the decedent, O'Kelly Isley, Jr.

Because of these deficiencies, the Court cannot determine whether complete diversity exists, and without complete diversity, the Court does not have subject matter jurisdiction over this case.  "If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte*."  *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, Plaintiff is hereby ORDERED TO SHOW CAUSE by September 17, 2020 as to why this action should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: September 12, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge