

1776 Yorktown Street, Suite 570 • Houston, TX 77056
(p) 713.528.4455 • (f) 713.528.2047

Rhonda H. Wills*
*Licensed in NY, CA, and TX

October 28, 2020

**VIA ECF**
Hon. Gregory H. Woods
United States District Court

     Re:    *The Pullman Group, LLC v. Ronald Isley, et al.*; Case No. 1:20-cv-07293-GHW; Request to Stay Discovery & Reset Initial Conference Pending Ruling on the Isley Defendants' Motion to Dismiss;

Dear Judge Woods:

We represent Defendants Ronald Isley, Rudolph Isley, The Estate of O'Kelly Isley, Jr., Isley Brothers, L.L.C., Isley Brothers Royalty Venture I SPC, Inc., Three Boys Music Corporation, Bovina Music Inc., T-Neck Records, Inc., and Triple Three Music, Inc. ("the Isleys" or the "Isley Defendants") in this matter. In light of the Isley Defendants' pending motion to dismiss this case in its entirety, the Isley Defendants respectfully request that discovery be stayed pursuant to Federal Rule of Civil Procedure 26(c) and that the initial conference, which is currently scheduled for November 19, 2020, be reset pending the Court's decision on said motion.

## I.    Background Information.

The Isley Defendants filed their motion to dismiss on October 28, 2020 [Doc. 42]. The Isley Defendants seek to stay discovery and reset the initial conference, which is currently scheduled for November 19, 2020, in order to conserve resources and limit the parties' expenditure on legal fees for discovery and legal proceedings that may be unnecessary. Indeed, if the Court grants the Isley Defendants' motion to dismiss, the need for discovery or an initial conference would be mooted.

This is the Isley Defendants' first request to stay discovery and reset the initial conference. Plaintiff's counsel, Joshua Levin-Epstein, Esq., has advised that Plaintiff objects to the Isley Defendant's request.  Counsel for Defendant Reservoir Media Management, Inc. ("Reservoir") agrees with the relief sought herein.

## II.    Good Cause Exists to Warrant a Stay of Discovery.

A court has discretion to stay discovery during the pendency of a motion to dismiss upon a showing of good cause. Fed. R. Civ. P. 26(c)(1); *Josie-Delerme v. Am. Gen. Fin. Corp.*, No. CV 2008-3166 (NG)(MDG), 2009 U.S. Dist. LEXIS 15525, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009). "In determining whether good cause exists, courts consider: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Kennedy v. Aegis Media Ams., Inc.*, No. 1:20-cv-3624-GHW, 2020 U.S. Dist. LEXIS

Letter to Judge Woods
October 28, 2020
Page 2 of 3

109671, at *2 (S.D.N.Y. June 23, 2020) (Woods, J.) (quoting *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, No. 19-CV- 07755 (VEC), 2019 U.S. Dist. LEXIS 223677, 2019 WL 6912282, at *1 (S.D.N.Y. Dec. 19, 2019)). Where, as here, defendants have presented substantial arguments for dismissal of the claims asserted in the lawsuit, a stay of discovery is appropriate. *See, e.g., Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). In this case, the factors weigh in favor of a stay.

### A.  The Isley Defendants Have Made a Strong Showing that Plaintiff's Claims Are Meritless.

With respect to the first factor, the Isley Defendants' motion to dismiss is sufficient to support a stay because it "is potentially dispositive, and appears to be not unfounded in the law." *Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 U.S. Dist. LEXIS 17885, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994). Indeed, the Isley Defendants raise several viable grounds for dismissing Plaintiff's Complaint, including the following: (1) the Engagement Letters between Plaintiff The Pullman Group, LLC ("Pullman") and the Isley Defendants expired over a decade ago on November 2, 2007, and no clause in the Engagement Letters, including paragraph 7, extends this time period with respect to asset sales; (2) the Engagement Letters do not give Pullman an "exclusive right of sale;" and (3) the Engagement Letters do not grant Pullman the right to receive a fee on an asset sale in which Pullman had no involvement.  Pullman's other claims are all derivative of the futile breach of contract claims, so those claims likewise should be dismissed. Accordingly, as discussed in the Isley Defendants' motion papers, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B.  It Is Anticipated that Plaintiff Will Seek Broad and Burdensome Discovery.

We anticipate that Plaintiff will seek extensive electronic and paper discovery, which will cause the Isley Defendants to incur substantial time and expense. The Isley Defendants' burden and costs in this matter may be significantly reduced if this Honorable Court grants the Isley Defendants' motion to dismiss. Should the Court grant the Isley Defendants' motion dismiss, the need for burdensome discovery will be obviated. *See, e.g.*, *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."); *Rivera v. Heyman*, No. 96 Civ. 4489 (PKL), 1997 U.S. Dist. LEXIS 2003, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.").

### C.  No Unfair Prejudice Would Result from a Stay.

Staying discovery would not prejudice Plaintiff. The Isley Defendants' motion to dismiss will be fully-briefed by no later than December 2, 2020, and any stay would last briefly. *See Rivera v. Heyman*, No. 96 Civ. 4489 (PKL), 1997 U.S. Dist. LEXIS 2003, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it

Letter to Judge Woods
October 28, 2020
Page 3 of 3

continue."). Accordingly, a brief stay pending the Court's determination of the Isley Defendants' motion to dismiss, which may potentially eliminate the entire action, will neither substantially nor unduly delay the action, should it continue.

  For the reasons set forth herein, the Isley Defendants respectfully request that the Court grant this request to stay discovery and reset the initial conference. Thank you for your consideration of this request.

                 Respectfully submitted,

                 */s/ Rhonda H. Wills*

                 WILLS LAW FIRM, PLLC

cc:  Counsel of Record (Via ECF)