USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
    :
THE PULLMAN GROUP, LLC,    :
    :
    Plaintiff,    :    1:20-cv-07293-GHW
    :
    -against-    :    <u>ORDER</u>
    :
RONALD ISLEY, RUDOLPH ISLEY,    :
RESERVOIR MEDIA MANAGEMENT, INC.,    :
THE ESTATE OF O'KELLY ISLEY, J.R.,    :
ISLEY BROTHERS, L.L.C., ISLEY BROTHERS    :
ROYALTY VENTURE I SPC, INC., THREE    :
BOYS MUSIC CORPORATION, BOVINA    :
MUSIC, INC., T-NECK RECORDS, INC.,    :
TRIPLE THREE MUSIC, INC. and JOHN DOE    :
CORPORATIONS 1-5,    :
    :
    Defendants.  :
    :
----------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

       Defendants move to stay discovery, pending decision on the November 30, 2020 motion to dismiss the complaint. Dkt. No. 54. Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery "for good cause." Fed. R. Civ. P. 26(c). When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Negrete v. Citibank, N.A.*, No. 15-cv-7250 (RWS), 2015 WL 8207466 (S.D.N.Y. Dec. 7, 2015).

Applying these factors, the Court finds that a stay of discovery is not appropriate in this case. Defendants have not made a strong showing that Plaintiff's claim is unmeritorious.  For example, Defendants have not made a strong showing that Paragraph 7 does not continue to provide Plaintiff exclusive rights to refinance any asset sales.  Moreover, Defendants state that they "anticipate that Plaintiff will seek extensive electronic and paper discovery," but provide no further detail or explanation as to why discovery will be so extensive in what appears to be a relatively straightforward breach of contract case.  Finally, Plaintiff asserts that Ronald Isley and Rudolph Isley "are at advanced ages, in their eighties, which jeopardizes the obtainment of crucial information." Dkt. No. 55 at 2.  Thus, there is a significant risk that Plaintiff will be prejudiced by the delay that would accompany a stay.  Accordingly, Defendants' motion to stay discovery is DENIED.  The initial pretrial conference scheduled for December 21, 2020 will proceed as scheduled.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 54.

SO ORDERED.

Dated:  December 13, 2020

_____
GREGORY H. WOODS
United States District Judge