UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
The Pullman Group, LLC,

                             *Plaintiff*,

                   *-against-*

Ronald Isley, Rudolph Isley, Reservoir Media Management, Inc., The Estate of O'Kelly Isley, J.R., Isley Brothers, L.L.C., Isley Brothers Royalty Venture I SPC, Inc., Three Boys Music Corporation, Bovina Music Inc., T-Neck Records, Inc., Triple Three Music, Inc. and John Doe Corporations 1-5,

                             *Defendants*.
---------------------------------------------------------------X

Case No.: 1:20-cv-07293

**DECLARATION OF JOSHUA LEVIN-EPSTEIN, ESQ.**

      **JOSHUA D. LEVIN-EPSTEIN**, an attorney duly admitted to practice in the United States District Court of the Southern District of New York, affirms the following:

      1.     I am the principal of Levin-Epstein & Associates, P.C., attorneys for Plaintiff The Pullman Group, LLC ("Pullman" or "Plaintiff"), in the above-captioned matter. As Plaintiff's counsel, I am familiar with the facts and circumstances discussed herein based upon personal knowledge and the files maintained by this office.

      2.     I make this declaration in support of Plaintiff's motion (the "Motion") for an Order (i) awarding attorneys' fees, costs[1], and sanctions against the Isley Defendants[2], and their counsel, pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 26(g)(3) and 37(c)(1); (ii)

---

[1] Should the Court find favorably for Plaintiff, Plaintiff respectfully request an opportunity to submit billing records for Plaintiff's attorneys' fees, costs and expenses.

[2] Defendants Ronald Isley ("Ronald"), Rudolph Isley ("Rudolph"), The Estate of O'Kelly Isley, J.R. (the "O'Kelly Estate"), Isley Brothers, L.L.C. ("Isley Brothers LLC"), Isley Brothers Royalty Venture I SPC, Inc. ("Royalty Venture"), Three Boys Music Corporation ("Three Boys"), Bovina Music Inc. ("Bovina"), T-Neck Records, Inc. ("T-Neck"), Triple Three Music, Inc. ("Triple Three") are collectively referred to herein as the "Isley Defendants."

1

compelling the Isley Defendants to produce documents concerning non-party witnesses Shukat and Geffen (all as defined below), and (iii) compelling the Isley Defendants to supplement their responses to Plaintiff's interrogatories

3. A true and correct copy of Plaintiff's First Request for the Production of Documents to the Isley Defendants (the "Isley FRPD") is annexed hereto as **Exhibit "A"**.

4. A true and correct copy of Plaintiff's First Set of Interrogatories to the Isley Defendants (the "Isley Rogs.", and together with the Isley FRPD, "Plaintiff's First Set of Discovery Requests") is annexed hereto as **Exhibit "B"**.

5. A true and correct copy of the email dated January 22, 2021, from Plaintiff's counsel to the Isley Defendants' attorneys, inquiring about the status of the Isley Defendants' responses to the Isley FRPD and the Isley Rogs., which were due on January 21, 2021, is annexed hereto as **Exhibit "C"**.

6. A true and correct copy of the email dated January 22, 2021, from the Isley Defendants' attorneys to Plaintiff's counsel, representing that the Isley Defendants' responses to the Isley FRPD and Isley Rogs. had been served via certified mail is annexed hereto as **Exhibit "D"**.

7. A true and correct copy of the Isley Defendants' January 21, 2021 responses to Plaintiff's First Set of Discovery Requests (the "Isley Defendants' Responses") is annexed hereto as **Exhibit "E"**.

8. A true and correct copy of the numerous email exchanges between Plaintiff's counsel and the Isley Defendants' attorneys, between December 22, 2020 and January 22, 2021, is annexed hereto as **Exhibit "F"**.

9. A true and correct copy of the parties' electronic service agreement (the "Electronic Service Agreement"), pursuant to Fed.R.Civ.P. 5 is annexed hereto as **Exhibit "G"**.

10. A true and correct copy of Plaintiff's deficiency letter dated February 16, 2021 (the "First Deficiency Letter") in connection with the Isley Defendants' Responses is annexed hereto as **Exhibit "H"**.

11. A true and correct copy of the Isley Defendants' March 1, 2021 supplemental responses to Plaintiff's First Set of Discovery Requests (the "Isley Defendants' Supplemental Responses") are annexed hereto as **Exhibit "I"**.

12. A true and correct copy of Plaintiff's deficiency letter dated March 11, 2021 (the "Second Deficiency Letter") in connection with the Isley Defendants' Supplemental Responses is annexed hereto as **Exhibit "J"**.

13. A true and correct copy of the Isley Defendants' March 18, 2021 amended and second supplemental responses to Plaintiff's First Set of Discovery Requests (the "Isley Defendants' Second Supplemental Responses") are annexed hereto as **Exhibit "K"**.

14. A true and correct copy of a representative sample of Reservoir Media Management, Inc.'s ("Reservoir") March 11, 2021 supplemental production (the "Reservoir Production") is annexed hereto as **Exhibit "L"**.[3]

Dated: New York, NY 10119
March 22, 2021

LEVIN EPSTEIN & ASSOCIATES, P.C.

By: */s/ Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
Tel.: (212) 792-0046

---

[3] Exhibit "L" has been filed under seal pursuant to the February 2, 2021 Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") [Dckt. No. 63]. Pursuant to ¶ 10 of the Stipulated Confidentiality Agreement and Protective Order, this declaration further serves as a request to so-order the request to seal Exhibit "L".