# EXHIBIT A

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Joshua Levin-Epstein
420 Lexington Avenue, Suite 2525
New York, New York 10170
Tel.: (212) 792-0046
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

The Pullman Group, LLC,

                          *Plaintiff*,

               -*against*-

Ronald Isley, Rudolph Isley, Reservoir Media Management, Inc., The Estate of O'Kelly Isley, J.R., Isley Brothers, L.L.C., Isley Brothers Royalty Venture I SPC, Inc., Three Boys Music Corporation, Bovina Music Inc., T-Neck Records, Inc., Triple Three Music, Inc. and John Doe Corporations 1-5,

                         *Defendants*.

Case No.: 1:20-cv-07293

**First Request for Document Production**

---------------------------------------------------------------X

**PLAINTIFF'S FIRST REQUEST FOR THE
PRODUCTION OF DOCUMENTS TO THE ISLEY DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and applicable local rules, Plaintiff The Pullman Group, LLC (the "Plaintiff"), by their undersigned counsel, Levin-Epstein & Associates, P.C., hereby requests that Defendants Ronald Isley ("Ronald"), Rudolph Isley ("Rudolph"), The Estate of O'Kelly Isley, J.R. (the "O'Kelly Estate"), Isley Brothers, L.L.C. ("Isley Brothers LLC"), Isley Brothers Royalty Venture I SPC, Inc. ("Royalty Venture"), Three Boys Music Corporation ("Three Boys"), Bovina Music Inc. ("Bovina"), T-Neck Records, Inc. ("T-Neck"), Triple Three Music, Inc. ("Triple Three") (collectively referred to herein as the "Isley Defendants") produce for inspection and copying the documents and things requested herein in

1

accordance with all applicable rules and the Definitions and Instructions set forth below within thirty (30) days of service of these Document Requests.

## DEFINITIONS

1. "Action" means the above-captioned action, filed in the United States District Court of the Southern District of New York and entitled *The Pullman Group, LLC v. Ronald Isley, et al*. (Case No.: 1:20-cv-07293).

2. "Complaint" or the "Amended Complaint" means the First Amended Complaint in the above-captioned action filed in the United States District Court of the Southern District of New York on November 17, 2020, entitled *The Pullman Group, LLC v. Ronald Isley, et al*. (Case No.: 1:20-cv-07293).

3. "Communication" means the transmission of information or data in any form including but not limited to written, oral, or electronic transmissions.

4. "Concerning" means relating to, referring to, describing, evidencing or constituting.

5. "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, emails, electronic mail, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form," or any designated tangible things, or entry onto land or other property. "Document" or "documents" further means every original (and every copy of any original or copy which differs in any way from any original) of every writing, or recording of every kind or description, whether handwritten, typed, drawn, printed, or recorded by any physical,

mechanical, electronic or electrical means whatsoever, including without limitation to statements prepared by investigators, statements of employees, books, electronic mail, social media communications and postings including but not limited to blogs, web pages, Facebook, LinkedIn, Twitter, and other social media formats, text messages, instant messages, records, papers, pamphlets, brochures, circulars, advertisements, specifications, graphs, charts, plans, models, correspondence, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, books of original entry, journals, accounts, invoices, engagement agreements, retention agreements, bills, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, budgets, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, certificates of deposit, time accounts, passbooks, securities, licenses, permits, calendars, appointment books, diaries, telephone bills and records, expense reports, commission statements, itineraries, agendas, customer lists, prospect lists, prospectus(es), sales plans, pipeline reports, wage and payroll records, employment and personnel records, checkbooks, check stubs, bank statements, canceled checks, receipts, cash disbursements, ledgers, contracts, agreements, instruments, closing statements, assignments, applications, authorizations, offers, acceptances, bids, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills or statements of account, liens, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes (including but not limited to audiotapes and videotapes), DVDs and recordings (including but not limited to audio and video recordings). The term "Document" or "document" refers to any document now or at any time in the Isley Defendants' possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the

3

document or a copy thereof from any person or public or private entity having physical possession thereof.

6.  (a) The term "identify" when used with reference to an individual person or entity means to state his/her or its full name and present address, present or last known position and business affiliation, position and business affiliation at the time in question, and telephone number. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(b)  The term "identify," when used with respect to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) location of the document; and (v) author(s), addressee(s) and recipient(s).

(c)  The term "identify" when used with reference to a communication, means to state the substance of the communication, the medium of communication, the date the statement was made, the speaker(s), the individual(s) to whom the statement was made, and all witnesses to the communication.

7.  "Isley Defendants," "you," or "your" means each of the Isley Defendants, the defendants in the above-captioned action and any business, partnership, limited liability company, corporation, sole proprietorship, joint venture, and other entity that they been affiliated with at any time during the relevant time period specified herein, and each of their employees, agents, officers, directors, representatives, consultants, accountants, agents, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

8.  "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

9. "Relate" or "relating" means consisting of, referring to, reflecting, relating to, or being in any way logically or factually connected with the matter discussed.

10. The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that otherwise might be construed as outside the scope of this request.

11. The words "all," "any," "every," or "each" encompass any and all of the matter discussed.

(d) The use of the singular form includes the plural, and vice versa.

(e) The use of the present tense includes the past tense, and vice versa.

(f) The use of the masculine form includes the feminine, and vice versa.

## INSTRUCTIONS

1. As used herein, the terms "and" and "or" shall be construed conjunctively and disjunctively as necessary to make the request inclusive rather than exclusive. For the same reason, the use of the singular includes the plural and vice versa and "all" and "each" shall be construed as both all and each.

2. All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, and shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, Plaintiff shall state so in writing in response to that specific request.

3. Electronically stored information (ESI) must be produced as PDF files with corresponding load files containing the document's text and all available metadata.

4. Files may be produced via email to Joshua@levinepstein.com, or by delivering a disk to the undersigned address.

5. Unless otherwise indicated all requests pertain to the period set forth in the Complaint, July 20, 1999, through and including the date of the Complaint.

6. These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives and agents, or other persons acting on your behalf, without regard to the physical location of such documents.

7. In responding to these requests, include documents obtained on your behalf by your counsel, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

8. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

a) identifying the document;

b) describing where the document is now;

c) identifying who has control of the document;

d) describing how the document became lost or destroyed or was transferred; and

e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

9. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

10. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set forth separately with respect to each withheld document:

   a) the ground of privilege or protection claimed;

   b) each basis under which the document is withheld;

   c) the type of document

   d) its general subject matter;

   e) the document's date; and

   f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

11. If the Isley Defendants object to any document request on any ground other than privilege, the Isley Defendants must specify:

   a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

   b) whether any responsive materials are being withheld on the basis of an objection.

12. To the extent the Isley Defendants assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

13. If there are no documents in response to any particular request, the Isley Defendants shall state so in writing.

14. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

15. These requests are continuing and the Isley Defendants' response to these requests must be promptly supplemented when appropriate or necessary in accordance with FRCP 26(e).

16. Whether or not specifically requested herein, when producing documents, Plaintiff is required by FRCP 34 to label them to correspond to the categories in each request.

17. This request for production of documents constitutes a continuing demand for the production of documents described herein. If at some point after the service of this request for production of documents upon you, a document is located or is created which is responsive to one of the requests herein, this request for production of documents is to be interpreted as demanding production of that document.

## DOCUMENTS REQUESTED

**DOCUMENT REQUEST NO. 1**:

All documents and communications concerning in any way to Plaintiff's above-captioned Action.

**DOCUMENT REQUEST NO. 2**:

All documents and communications concerning in any way to the Isley Defendants' defenses in the above-captioned Action.

**DOCUMENT REQUEST NO. 3:**

All documents and communications concerning any of the events concerning or relating to Plaintiff's above-captioned Action, by, among, and between the Isley Defendants, on the one hand, and the following Persons, on the other hand:

(i) Plaintiff;

(ii) Reservoir Media Management, Inc. ("Reservoir");

(iii) EMI Music Publishing, Ltd. ("EMI");

(iv) Shukat Arrow Hafer & Herbsman LLP ("Shukat"), including but not limited to, Michael Frisch, Esq., and Jonas Herbson, Esq.;

(v) Brian D. Caplan, Esq.;

(vi) Lisa Alter, Esq.;

(vii) Donald Zakarian, Esq.;

(viii) Allen Grubman, Esq.;

(ix) Sony ATV;

(x) Any and all prospective and potential buyers of the Isley Defendants Musical Assets. The term "Musical Assets" includes all of the Isley Defendants' right, title and interest in certain musical compositions and recordings of the Isley Defendants' songs as set forth in the Engagement Letters (as defined in the Complaint), that were successfully securitized into the Pullman Bonds (as defined in the Complaint);

(xi) Any and all Persons that assisted the Isley Defendants regarding financings/asset sale(s) in connection and/ or concerning the Musical Assets; and

(xii) Any and all Persons that assisted the Isley Defendants regarding and/ or concerning any of the activities listed in the Engagement Letters (as defined in the Complaint).

9

**DOCUMENT REQUEST NO. 4:**

All documents and communications concerning any of the events concerning or relating to the following:

(i) The Engagement Letters (as defined in the Complaint);

(ii) EMI Transaction (as defined in the Complaint);

(iii) EMI Asset Sale Agreement (as defined in the Complaint);

(iv) Reservoir Transaction (as defined in the Complaint); and

(v) Reservoir Asset Sale Agreement (as defined in the Complaint).

**DOCUMENT REQUEST NO. 5**:

All documents and communications concerning any of the events concerning or relating to the Isley Defendants relationship with Shukat Hafer & Herbsman LLP ("Shukat"), including but not limited to, engagement agreement(s) (including metadata), invoices, and payment receipts documents prepared, developed, or reviewed by Shukat.

**DOCUMENT REQUEST NO. 6**:

All documents that are or relate to any communication between you and any person (other than your attorney), entity, or federal, state, or local agency relating to the allegations in the Complaint.

**DOCUMENT REQUEST NO. 7:**

Documents you obtained from any person relating to the allegations in the Complaint, including but not limited to any written statements, affidavits, declarations, notes, or sworn testimony.

**DOCUMENT REQUEST NO. 8:**

Documents that are or relate to any social networking or other websites, texting or instant messaging (IM) platforms, or email accounts by which you shared, posted, requested, solicited, or exchanged information relating to any of the allegations in the Complaint.

**DOCUMENT REQUEST NO. 9:**

Documents evidencing any academic degrees, professional licenses, and/or certifications you have earned, including without limitation, any securities licenses.

**DOCUMENT REQUEST NO. 10**:

All documents you intend to use as exhibits in this case.

**DOCUMENT REQUEST NO. 11:**

To the extent not requested above, documents relating to any of the defenses to the allegations contained in the Complaint.

Dated: New York, New York
       December 22, 2020

                Yours, etc.

                LEVIN EPSTEIN & ASSOCIATES, P.C.

                By:    /s/ Joshua Levin-Epstein
                          Joshua Levin-Epstein, Esq.
                          420 Lexington Avenue, Suite 2525
                          New York, New York 10170
                          Tel.: (212) 792-0046
                          *Attorneys for Plaintiffs*

To:
Rhonda H. Wills
rwills@rwillslawfirm.com
Wills Law Firm, PLLC
1776 Yorktown, Suite 570
Houston, TX 77056
Telephone: (713) 528-4455
*Attorney for Isley Defendants*