# EXHIBIT B

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Joshua Levin-Epstein
420 Lexington Avenue, Suite 2525
New York, New York 10170
Tel.: (212) 792-0046
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
The Pullman Group, LLC,

                        *Plaintiff*,           Case No.: 1:20-cv-07293

      -*against*-

Ronald Isley, Rudolph Isley, Reservoir Media Management, Inc., The Estate of O'Kelly Isley, J.R., Isley Brothers, L.L.C., Isley Brothers Royalty Venture I SPC, Inc., Three Boys Music Corporation, Bovina Music Inc., T-Neck Records, Inc., Triple Three Music, Inc. and John Doe Corporations 1-5,

                        *Defendants*.
---------------------------------------------------------------X

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**TO THE ISLEY DEFENDANTS**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and applicable local rules, Plaintiff The Pullman Group, LLC (the "Plaintiff"), by their undersigned counsel, Levin-Epstein & Associates, P.C., hereby requests that Defendants Ronald Isley ("Ronald"), Rudolph Isley ("Rudolph"), The Estate of O'Kelly Isley, J.R. (the "O'Kelly Estate"), Isley Brothers, L.L.C. ("Isley Brothers LLC"), Isley Brothers Royalty Venture I SPC, Inc. ("Royalty Venture"), Three Boys Music Corporation ("Three Boys"), Bovina Music Inc. ("Bovina"), T-Neck Records, Inc. ("T-Neck"), Triple Three Music, Inc. ("Triple Three") (collectively referred to herein as the "Isley

1

Defendants") respond to the following interrogatories, in accordance with the definitions and instructions set forth below, within thirty (30) days after service of these interrogatories.

## DEFINITIONS

Pursuant to Local Rule 26.3 entitled "Uniform Definitions in Discovery Requests" of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York:

1. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

5. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

The following rules of construction apply to all discovery requests:

1. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. Number. The use of the singular form of any word includes the plural and vice versa.

In addition to the Rule 26.3 definitions above, the following definitions shall also apply:

1. "Action" means the above-captioned action, filed in the United States District Court of the Southern District of New York and entitled *The Pullman Group, LLC v. Ronald Isley, et al*. (Case No.: 1:20-cv-07293).

2. "Complaint" or the "Amended Complaint" means the First Amended Complaint in the above-captioned action filed in the United States District Court of the Southern District of New

York on November 17, 2020, entitled *The Pullman Group, LLC v. Ronald Isley, et al.* (Case No.: 1:20-cv-07293).

  3. "Isley Defendants," "you," or "your" means each of the Isley Defendants, the defendants in the above-captioned action and any business, partnership, limited liability company, corporation, sole proprietorship, joint venture, and other entity that they been affiliated with at any time during the relevant time period specified herein, and each of their employees, agents, officers, directors, representatives, consultants, accountants, agents, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

## INSTRUCTIONS

  1. The provisions of Local Rules 26.2 and 33.3 relating to claims of privilege and interrogatories apply to and are incorporated by reference.

  2. Each interrogatory shall be construed to include information within the Isley Defendants' knowledge, possession, custody or control or the knowledge, possession, custody or control of the Isley Defendants' agents, as of the date of this answer to the interrogatories, as well as any information, knowledge, data, documents or communications that subsequently is obtained or discovered and that demonstrates that any answer originally provided in response to these interrogatories was incorrect or incomplete in any way when made or subsequently became incorrect or incomplete; such supplemental information is to be promptly supplied.

  3. If the response to each interrogatory should make reference in whole or in part to, or so otherwise requires electronic information, please indicate the extent to which the data, information, records supplied and the information or records relied upon in formulating the answers are contained in any computerized form and attach hereto where appropriate and/or where requested, a true partial or whole copy or copies thereof.

4. If the response to any interrogatory consists in whole or in part of any objection relating to or including burdensomeness, then with respect to such answer

    a. Provide such information as can be ascertained without undue burden;

    b. State with particularity the basis for such objection, including:

        i. a description of the process or method required to obtain any fact responsive to the interrogatory;

        ii. the number of files and/or documents needed to be searched;

        iii. the location of such file;

        iv. the number of employee hours required to conduct the search; and

        v. the estimated cost of the search.

    c. Describe the nature and extent of the documents or other source(s), if any, from which any fact responsive to the interrogatory can be obtained; and

    d. State whether the documents or other sources will be made available for inspection and copying.

5. If the response to the interrogatory consists in whole or in part of any other objection:

    a. Provide such information as can be ascertained; and

    b. State with particularity the basis for such objection.

6. If any document which forms a part of or the entire basis for any response to these interrogatories has been destroyed, for each such document:

    a. State when it was destroyed;

    b. Identify the person who destroyed the document;

    c. Identify the person who directed that it be destroyed;

    d.  State with particularity the reasons for the destruction;

    e.  Describe the nature of the document;

    f.  Identify the persons who created, sent and received the document;

    g.  State the date the document was created; and

    h.  State in as much detail as possible the contents of the document.

7. In answering these interrogatories, furnish all information that is known to the Isley Defendants or the Isley Defendants' agents. If any of these interrogatories cannot be answered in full, answer them to the fullest extent possible, detailing the reasons for the Isley Defendants' inability to answer the remainder and stating fully the information, knowledge or belief the Isley Defendants now have concerning the unanswered portions.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each Person, document, and/or communication that the Isley Defendants may use or otherwise rely on in support of their defense to the allegations in the Amended Complaint in the above-referenced Action.

**INTERROGATORY NO. 2:**

Identify each person likely to have knowledge or information concerning or relating to the Engagement Letters (as such term is defined in the Amended Complaint).

**INTERROGATORY NO. 3:**

Identify each person likely to have knowledge or information concerning or relating to the EMI Transaction (as such term is defined in the Amended Complaint).

**INTERROGATORY NO. 4:**

Identify each person likely to have knowledge or information concerning or relating to the Reservoir Transaction (as such term is defined in the Amended Complaint).

**INTERROGATORY NO. 5:**

Identify each person likely to have knowledge or information concerning or relating to the EMI Asset Sale Agreement (as such term is defined in the Amended Complaint).

**INTERROGATORY NO. 6:**

Identify each person likely to have knowledge or information concerning or relating to the Reservoir Asset Sale Agreement (as such term is defined in the Amended Complaint).

**INTERROGATORY NO. 7:**

Identify each person likely to have knowledge or information concerning or relating to the Isley Defendants', on the one hand, and Shukat Hafer & Herbsman LLP ("Shukat"), on the other hand.

**INTERROGATORY NO. 8:**

Identify each person likely to have knowledge or information concerning or relating to any and all prospective and potential buyers of the Isley Defendants' Musical Assets. The term "Musical Assets" includes all of the Isley Defendants' right, title and interest in certain musical compositions and recordings of the Isley Defendants' songs as set forth in the Engagement Letters (as defined in the Amended Complaint), that were successfully securitized into the Pullman Bonds (as defined in the Amended Complaint).

**INTERROGATORY NO. 9:**

Identify each person likely to have knowledge or information concerning or relating to any and all Persons that assisted the Isley Defendants regarding financings/asset sale(s) in connection

and/ or concerning the Musical Assets. The term "Musical Assets" includes all of the Isley Defendants' right, title and interest in certain musical compositions and recordings of the Isley Defendants' songs as set forth in the Engagement Letters (as defined in the Amended Complaint), that were successfully securitized into the Pullman Bonds (as defined in the Amended Complaint).

**INTERROGATORY NO. 10:**

Identify each person likely to have knowledge or information concerning or relating to the Isley Defendants, on the one hand, and the following Persons, on the other hand:

(i) Plaintiff;

(ii) Reservoir Media Management, Inc. ("Reservoir");

(iii) EMI Music Publishing, Ltd. ("EMI");

(iv) Michael Frisch, Esq.;

(v) Jonas Herbson, Esq.;

(vi) Brian D. Caplan, Esq.;

(vii) Lisa Alter, Esq.;

(viii) Donald Zakarian, Esq.;

(ix) Allen Grubman, Esq.;

(x) Sony ATV;

**INTERROGATORY NO. 11:**

Identify the location and general description of all documents upon which the Isley Defendants intend to rely in this lawsuit.

**INTERROGATORY NO. 12:**

Identify all steps the Isley Defendants have taken to preserve any Documents or other evidence, including, but not limited to, correspondence, documents or files, other data generated

by and/or stored on any computer system (including information on laptop(s), desktop(s), PDA and mobile telephones, regardless of ownership) or other storage media (e.g., hard disks, floppy disks, backup tapes, thumb drives, etc.).

**INTERROGATORY NO. 13:**

Identify each person whom the Isley Defendants expect to call as an expert witness at the trial of this matter, and for each person set forth the following:

(a) Professional affiliation, educational background and qualifications;

(b) Each published book or article which the expert authored in whole or in part;

(c) The subject matter on which he/or she is expected to testify;

(d) The substance of the facts to which he/she is expected to testify;

(e) The substance of each opinion to which he/she is expected to testify; and

(f) Summary of the grounds of each opinion.

**INTERROGATORY NO. 14:**

Identify each person the Isley Defendants intend to call as a witness at the trial of this matter either in person, through deposition testimony, or through an affidavit.

**INTERROGATORY NO. 15:**

For each witness identified in the response to Interrogatory No. 14, provide the witness's full name and address.

**INTERROGATORY NO. 16:**

For each witness identified in the response to Interrogatory No. 14, provide the witness's relationship to you.

**INTERROGATORY NO. 17:**

For each witness identified in the response to Interrogatory No. 14, provide a summary of his or her expected testimony.

**INTERROGATORY NO. 18:**

Identify all persons who provided information used, and all documents reviewed or referenced, in answering these interrogatories.

Dated: New York, New York
December 22, 2020

Yours, etc.

LEVIN EPSTEIN & ASSOCIATES, P.C.

By: /s/ Joshua Levin-Epstein
Joshua Levin-Epstein, Esq.
420 Lexington Avenue, Suite 2525
New York, New York 10170
Tel.: (212) 792-0046
*Attorneys for Plaintiff*

To:
WILLS LAW FIRM, PLLC
Attn: Rhonda H. Wills
1776 Yorktown, Suite 570
Houston, TX 77056
Tel. No.: (713) 528-4455
Email: rwills@rwillslawfirm.com
*Attorney for Isley Defendants*