# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE PULLMAN GROUP, LLC,

     Plaintiff,

         vs.

RONALD ISLEY, RUDOLPH ISLEY,
RESERVOIR MEDIA MANAGEMENT,
INC., THE ESTATE OF O'KELLY
ISLEY, J.R., ISLEY BROTHERS, L.L.C.,
ISLEY BROTHERS ROYALTY
VENTURE I SPC, INC., THREE BOYS
MUSIC CORPORATION, BOVINA
MUSIC INC., T-NECK RECORDS, INC.,
TRIPLE THREE MUSIC, INC. AND
JOHN DOE CORPORATIONS 1-5,

     Defendants.

Civil Action No. 1:20-cv-07293-GHW

Honorable Gregory H. Woods

## ISLEY DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE ISLEY DEFENDANTS

    Defendants Ronald Isley, Rudolph Isley, The Estate of O'Kelly Isley, Jr., Isley Brothers,

L.L.C., Isley Brothers Royalty Venture I SPC, Inc., Three Boys Music Corporation, Bovina Music

Inc., T-Neck Records, Inc., and Triple Three Music, Inc. (collectively, "the Isleys" or "Isley

Defendants" or "Defendants") serve these Responses and Objections to Plaintiff The Pullman

Group, LLC's First Request for Production of Documents as follows:

## GENERAL OBJECTIONS

    Defendants incorporate the following general objections (the "General Objections") into

each and every one of their specific responses and objections set forth below as though set forth at

length therein:

        1.     Defendants object to the Requests to the extent they purport to impose obligations

on Defendants beyond the requirements of Federal Rules of Civil Procedure 26 and 34, which will govern Defendants' responses.

2.     Defendants object to the Requests to the extent they seek information or materials prepared in anticipation of litigation, or which contain, reflect, or call for the disclosure of the mental impressions, conclusions, opinions or legal theories of any attorney for Defendants, or any other information protected by the Federal Rules of Civil Procedure. Defendants will not produce such information.

3.     Defendants object to the Requests to the extent they are overly broad, unduly burdensome, and seek information that is irrelevant and immaterial to the subject matter of the pending litigation and not proportional to the needs of the case. Specifically, Defendants object to the Requests to the extent the Requests, or any Request, are overly broad as to time.

4.     Defendants object to the Requests to the extent they seek information protected from disclosure under the attorney-client privilege, the work product doctrine, the joint defense/common interest privilege, or any other privilege recognized under the law. Defendants will not produce such information.

5.     Defendants object to the Requests to the extent they seek trade secrets or other confidential or proprietary research, development, commercial, or business documents or information. Defendants will only produce such information, if requested and not otherwise objectionable, subject to and after entry of a suitable protective order.

6.     Defendants object to the Requests to the extent they call for identification or production of information that is a matter of public record and/or is equally available to the Plaintiff.

7.     Defendants object to the instructions and definitions provided with the Requests to

2

the extent that they seek original documents of all documents requested. Original documents are not relevant to the subject matter of this action and are disproportional to the needs of this case. Further, such a request is overly broad, unduly burdensome, oppressive, and harassing.

8.      Defendants object to the instructions provided with the Requests as to supplementing responses to the extent it purports to impose obligations on Defendants beyond the requirements of Federal Rule of Civil Procedure 26(e).

9.      In responding, Defendants do not concede that any Request to which Defendants respond is relevant to the subject matter of this litigation or that any information provided in response will be admissible as evidence. Defendants expressly reserve both the right to object to further discovery into the subject matter of these Requests and the right to object to introduction into evidence of responses to these Requests. Defendants also reserve the right to question the authenticity, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the information provided and the documents identified and/or produced in response to these Requests, which may arise in any subsequent proceeding in, or the trial of, this or any other action.

10.      Defendants reserve the right to amend, supplement, or revise their responses as necessary up to and including the time of trial. Inadvertent identification or production of privileged documents or information by Defendants is not a waiver of any applicable privilege.

## RESPONSES TO REQUESTS

### DOCUMENT REQUEST NO. 1

All documents and communications concerning in any way to Plaintiff's above-captioned Action.

### RESPONSE:

Defendants object to this request to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this request as overly broad and burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, harassing, intruding on Defendants' privacy rights, and a mere "fishing expedition." Defendants also object that the request fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity. Defendants also object to this Request to the extent that it seeks confidential information. Defendants further object to the request as unduly burdensome and beyond the proper form and scope of discovery.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

### DOCUMENT REQUEST NO. 2

All documents and communications concerning in any way to the Isley Defendants' defenses in the above-captioned Action.

4

**RESPONSE:**

Defendants object to this request to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this request as overly broad and burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, harassing, intruding on Defendants' privacy rights, and a mere "fishing expedition." Defendants also object that the request fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity. Defendants also object to this Request to the extent that it seeks confidential information. Defendants further object to the request as unduly burdensome and beyond the proper form and scope of discovery.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**DOCUMENT REQUEST NO. 3**

All documents and communications concerning any of the events concerning or relating to Plaintiff's above-captioned Action, by, among, and between the Isley Defendants, on the one hand, and the following Persons, on the other hand:

      (i)      Plaintiff;

      (ii)     Reservoir Media Management, Inc. ("Reservoir");

      (iii)    EMI Music Publishing, Ltd. ("EMI");

(iv) Shukat Arrow Hafer & Herbsman LLP ("Shukat"), including but not limited to, Michael Frisch, Esq., and Jonas Herbson, Esq;

(v) Brian D. Caplan, Esq.;

(vi) Lisa Alter, Esq.;

(vii) Donald Zakarian, Esq.;

(viii) Allen Grubman, Esq.;

(ix) Sony ATV;

(x) Any and all prospective and potential buyers of the Isley Defendants Musical Assets. The term "Musical Assets" includes all of the Isley Defendants' right, title and interest in certain musical compositions and recordings of the Isley Defendants' songs as set forth in the Engagement Letters (as defined in the Complaint), that were successfully securitized into the Pullman Bonds (as defined in the Complaint);

(xi) Any and all Persons that assisted the Isley Defendants regarding financings/asset sale(s) in connection and/ or concerning the Musical Assets; and

(xii) Any and all Persons that assisted the Isley Defendants regarding and/ or concerning any of the activities listed in the Engagement Letters (as defined in the Complaint).

**RESPONSE:**

Defendants object to this request to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint

defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this request as overly broad and burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, harassing, intruding on Defendants' privacy rights, and a mere "fishing expedition." Defendants also object that the request fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity. Defendants also object to this Request to the extent that it seeks confidential information. Defendants further object to the request as unduly burdensome and beyond the proper form and scope of discovery.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

## DOCUMENT REQUEST NO. 4

All documents and communications concerning any of the events concerning or relating to the following:

      (i)     The Engagement Letters (as defined in the Complaint);

      (ii)    EMI Transaction (as defined in the Complaint);

      (iii)   EMI Asset Sale Agreement (as defined in the complaint);

      (iv)   Reservoir Transaction (as defined in the Complaint); and

      (v)    Reservoir Asset Sale Agreement (as defined in the Complaint).

## RESPONSE:

Defendants object to this request to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the

attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this request as overly broad and burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, harassing, intruding on Defendants' privacy rights, and a mere "fishing expedition." Defendants also object that the request fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity. Defendants also object to this Request to the extent that it seeks confidential information. Defendants further object to the request as unduly burdensome and beyond the proper form and scope of discovery.

Defendants further object to this Request to the extent that it calls for identification or production of information that is a matter of public record and/or is equally available to Plaintiff.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

## DOCUMENT REQUEST NO. 5

All documents and communications concerning any of the events concerning or relating to the Isley Defendants relationship with Shukat Hafer & Herbsman LLP ("Shukat"), including but not limited to, engagement agreement(s) (including metadata), invoices, and payment receipts documents prepared, developed, or reviewed by Shukat.

## RESPONSE:

Defendants object to this request to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the

attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint

defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement

negotiations privilege; and/or (h) any other privilege.

Defendants further object to this request as overly broad and burdensome, vague,

ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence,

harassing, intruding on Defendants' privacy rights, and a mere "fishing expedition." Defendants

also object that the request fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests

be stated with reasonable particularity. Defendants also object to this Request to the extent that it

seeks confidential information. Defendants further object to the request as unduly burdensome and

beyond the proper form and scope of discovery.

Subject to and without waiver of the foregoing objections, no discovery responses are due

at this time because the Isley Defendants have not been properly served with Plaintiff's discovery

requests.

**DOCUMENT REQUEST NO. 6**

All documents that are or relate to any communication between you and any person (other

than your attorney), entity, or federal, state, or local agency relating to the allegations in the

Complaint.

**RESPONSE:**

Defendants object to this request to the extent that it calls for disclosure of any information

that constitutes or is protected by the following privileges and exemptions from discovery: (a) the

attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint

defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement

negotiations privilege; and/or (h) any other privilege.

9

Defendants further object to this request as overly broad and burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, harassing, intruding on Defendants' privacy rights, and a mere "fishing expedition." Defendants also object that the request fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity. Defendants also object to this Request to the extent that it seeks confidential information. Defendants further object to the request as unduly burdensome and beyond the proper form and scope of discovery.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

## DOCUMENT REQUEST NO. 7

Documents you obtained from any person relating to the allegations in the Complaint, including but not limited to any written statements, affidavits, declarations, notes, or sworn testimony.

## RESPONSE:

Defendants object to this request to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this request as overly broad and burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, harassing, intruding on Defendants' privacy rights, and a mere "fishing expedition." Defendants

also object that the request fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity. Defendants also object to this Request to the extent that it seeks confidential information. Defendants further object to the request as unduly burdensome and beyond the proper form and scope of discovery.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**DOCUMENT REQUEST NO. 8**

Documents that are or relate to any social networking or other websites, texting or instant messaging (IM) platforms, or email accounts by which you shared, posted, requested, solicited, or exchanged information relating to any of the allegations in the Complaint.

**RESPONSE:**

Defendants object to this request to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this request as overly broad and burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, harassing, intruding on Defendants' privacy rights, and a mere "fishing expedition." Defendants also object that the request fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity. Defendants also object to this Request to the extent that it

seeks confidential information. Defendants further object to the request as unduly burdensome and beyond the proper form and scope of discovery.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

## DOCUMENT REQUEST NO. 9

Documents evidencing any academic degrees, professional licenses, and/or certifications you have earned, including without limitation, any securities licenses.

## RESPONSE:

Defendants object to this request to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this request as overly broad and burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, harassing, intruding on Defendants' privacy rights, and a mere "fishing expedition." Defendants also object that the request fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity. Defendants also object to this Request to the extent that it seeks confidential information. Defendants further object to the request as unduly burdensome and beyond the proper form and scope of discovery.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery

requests.

## DOCUMENT REQUEST NO. 10

All documents you intend to use as exhibits in this case.

## RESPONSE:

Defendants object to this request to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this request as overly broad and burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, harassing, intruding on Defendants' privacy rights, and a mere "fishing expedition." Defendants also object that the request fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity. Defendants also object to this Request to the extent that it seeks confidential information. Defendants further object to the request as unduly burdensome and beyond the proper form and scope of discovery.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

## DOCUMENT REQUEST NO. 11

To the extent not requested above, documents relating to any of the defenses to the allegations contained in the Complaint.

13

**RESPONSE:**

Defendants object to this request to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this request as overly broad and burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, harassing, intruding on Defendants' privacy rights, and a mere "fishing expedition." Defendants also object that the request fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity. Defendants also object to this Request to the extent that it seeks confidential information. Defendants further object to the request as unduly burdensome and beyond the proper form and scope of discovery.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.


Dated: January 21, 2021                    WILLS LAW FIRM, PLLC

                                           */s/ Rhonda H. Wills*
                                           Rhonda H. Wills
                                           New York Bar No. 5373295
                                           rwills@rwillslawfirm.com
                                           Wills Law Firm, PLLC
                                           1776 Yorktown, Suite 570
                                           Houston, Texas 77056
                                           Telephone: (713) 528-4455

                                           ATTORNEY FOR ISLEY DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2021, I served this document in accordance with the Federal Rules of Civil Procedure as described below upon the following persons:

*Via Certified Mail No. 7017 1450 0000 5552 7528,*
*Return Receipt Requested:*
Joshua Levin-Epstein
Jason Mizrahi
LEVIN-EPSTEIN & ASSOCIATES, P.C.
420 Lexington Avenue, Suite 2525
New York, NY 10170
Telephone: (212) 792-0046

ATTORNEYS FOR PLAINTIFF

*Via U.S. Mail:*
Barry I. Slotnick
Noah Weingarten
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4000

ATTORNEYS FOR DEFENDANT
RESERVOIR MEDIA MANAGEMENT, INC.

*/s/Rhonda H. Wills*
Rhonda H. Wills

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE PULLMAN GROUP, LLC,

      Plaintiff,

        vs.

RONALD ISLEY, RUDOLPH ISLEY,
RESERVOIR MEDIA MANAGEMENT,
INC., THE ESTATE OF O'KELLY
ISLEY, J.R., ISLEY BROTHERS, L.L.C.,
ISLEY BROTHERS ROYALTY
VENTURE I SPC, INC., THREE BOYS
MUSIC CORPORATION, BOVINA
MUSIC INC., T-NECK RECORDS, INC.,
TRIPLE THREE MUSIC, INC. AND
JOHN DOE CORPORATIONS 1-5,

      Defendants.

Civil Action No. 1:20-cv-07293-GHW

Honorable Gregory H. Woods

## ISLEY DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE ISLEY DEFENDANTS

Defendants Ronald Isley, Rudolph Isley, The Estate of O'Kelly Isley, Jr., Isley Brothers, L.L.C., Isley Brothers Royalty Venture I SPC, Inc., Three Boys Music Corporation, Bovina Music Inc., T-Neck Records, Inc., and Triple Three Music, Inc. (collectively, "the Isleys" or "Isley Defendants" or "Defendants") serve these Responses and Objections to Plaintiff The Pullman Group, LLC's First Set of Interrogatories as follows:

## INTERROGATORY NO. 1

Identify each Person, document, and/or communication that the Isley Defendants may use or otherwise rely on in support of their defense to the allegations in the Amended Complaint in the above-referenced action.

1

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 2**

Identify each person likely to have knowledge or information concerning or relating to the Engagement Letters (as such term is defined in the Amended Complaint).

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 3**

Identify each person likely to have knowledge or information concerning or relating to the EMI Transaction (as such term is defined in the Amended Complaint).

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 4**

Identify each person likely to have knowledge or information concerning or relating to the Reservoir Transaction (as such term is defined in the Amended Complaint).

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 5**

Identify each person likely to have knowledge or information concerning or relating to the EMI Asset Sale Agreement (as such term is defined in the Amended Complaint).

4

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 6**

Identify each person likely to have knowledge or information concerning or relating to the Reservoir Asset Sale Agreement (as such term is defined in the Amended Complaint).

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 7**

Identify each person likely to have knowledge or information concerning or relating to the Isley Defendants', on the one hand, and Shukat Hafer & Herbsman LLP ("Shukat"), on the other hand.

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

6

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 8**

Identify each person likely to have knowledge or information concerning or relating to any and all prospective and potential buyers of the Isley Defendants' Musical Assets.  The term "Musical Assets" includes all of the Isley Defendants' right, title and interest in certain musical compositions and recordings of the Isley Defendants' songs as set forth in the Engagement Letters (as defined in the Amended Complaint), that were successfully securitized into the Pullman Bonds (as defined in the Amended Complaint).

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

7

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 9**

Identify each person likely to have knowledge or information concerning or relating to any and all Persons that assisted the Isley Defendants regarding financings/asset sale(s) in connection and/ or concerning the Musical Assets. The term "Musical Assets" includes all of the Isley Defendants' right, title and interest in certain musical compositions and recordings of the Isley Defendants' songs as set forth in the Engagement Letters (as defined in the Amended Complaint), that were successfully securitized into the Pullman Bonds (as defined in the Amended Complaint).

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

8

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

## INTERROGATORY NO. 10

Identify each person likely to have knowledge or information concerning or relating to the Isley Defendants, on the one hand, and the following Persons, on the other hand:

      (i)     Plaintiff;

      (ii)    Reservoir Media Management, Inc. ("Reservoir");

      (iii)   EMI Music Publishing, Ltd. ("EMI");

      (iv)   Michael Frisch, Esq.;

      (v)    Jonas Herbson, Esq.;

      (vi)   Brian D. Caplan, Esq.;

      (vii)  Lisa Alter, Esq.;

      (viii)  Donald Zakarian, Esq.;

      (ix)   Allen Grubman, Esq.;

      (x)    Sony ATV;

## RESPONSE:

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly

burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 11**

Identify the location and general description of all documents upon which the Isley Defendants intend to rely in this lawsuit.

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

## INTERROGATORY NO. 12

Identify all steps the Isley Defendants have taken to preserve any Documents or other evidence, including, but not limited to, correspondence, documents or files, other data generated by and/or stored on any computer system (including information on laptop(s), desktop(s), PDA and mobile telephones, regardless of ownership) or other storage media (e.g., hard disks, floppy disks, backup tapes, thumb drives, etc.).

## RESPONSE:

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

11

**INTERROGATORY NO. 13**

Identify each person whom the Isley Defendants expect to call as an expert witness at the trial of this matter, and for each person set forth the following:

      (a) Professional affiliation, educational background and qualifications;

      (b) Each published book or article which the expert authored in whole or in part;

      (c) The subject matter on which he/or she is expected to testify;

      (d) The substance of the facts to which he/she is expected to testify;

      (e) The substance of each opinion to which he/she is expected to testify; and

      (f) Summary of the grounds of each opinion.

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 14**

Identify each person the Isley Defendants intend to call as a witness at the trial of this matter either in person, through deposition testimony, or through an affidavit.

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 15**

For each witness identified in the response to Interrogatory No. 14, provide the witness's full name and address.

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from

discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 16**

For each witness identified in the response to Interrogatory No. 14, provide the witness's relationship to you.

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to

14

marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 17**

For each witness identified in the response to Interrogatory No. 14, provide a summary of his or her expected testimony.

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

**INTERROGATORY NO. 18**

Identify all persons who provided information used, and all documents reviewed or referenced, in answering these interrogatories.

**RESPONSE:**

Defendants object to this interrogatory to the extent that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) the joint defense privilege; (e) community of interest privilege; (f) common interest privilege; (g) settlement negotiations privilege; and/or (h) any other privilege.

Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiff's discovery requests.

Dated: January 21, 2021    WILLS LAW FIRM, PLLC

           */s/ Rhonda H. Wills*
           Rhonda H. Wills
           New York Bar No. 5373295
           rwills@rwillslawfirm.com
           Wills Law Firm, PLLC
           1776 Yorktown, Suite 570
           Houston, Texas 77056
           Telephone: (713) 528-4455

           ATTORNEY FOR ISLEY DEFENDANTS

16

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2021, I served this document in accordance with the Federal Rules of Civil Procedure as described below upon the following persons:

*Via Certified Mail No. 7017 1450 0000 5552 7528,*
*Return Receipt Requested:*
Joshua Levin-Epstein
Jason Mizrahi
LEVIN-EPSTEIN & ASSOCIATES, P.C.
420 Lexington Avenue, Suite 2525
New York, NY 10170
Telephone: (212) 792-0046

ATTORNEYS FOR PLAINTIFF

*Via U.S. Mail:*
Barry I. Slotnick
Noah Weingarten
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4000

ATTORNEYS FOR DEFENDANT
RESERVOIR MEDIA MANAGEMENT, INC.

*/s/Rhonda H. Wills*
Rhonda H. Wills

17