# EXHIBIT H

# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0046 • E: Joshua@levinepstein.com

February 16, 2021

*Via Email*
Wills Law Firm, PLLC
Attn:   Rhonda H. Wills, Esq.
        Patrick Raspino, Esq.
1776 Yorktown, Suite 570
Houston, TX 77056
Email: rwills@rwillslawfirm.com
       praspino@rwillslawfirm.com

                Re:   *The Pullman Group, LLC v. Isley et al*
                      **Case No.: 1:20-cv-07293-GHW**

Dear Ms. Wills & Mr. Raspino:

    As you know, this firm serves as litigation counsel to Plaintiff The Pullman Group, LLC (the "Plaintiff"). On behalf of our client, we write to address you with respect to the following urgent matter.

    On December 22, 2020, the undersigned law firm, on behalf of Plaintiff, served your office with, *inter alia*:

1. Plaintiff's First Request for the Production of Documents; and

2. Plaintiff's First Set of Interrogatories ("Plaintiff's Interrogatories", and together, "Plaintiff's First Set of Discovery Requests").

    We are in receipt of your client, the Isley's Defendants'[1] production, dated January 21, 2021, in response to Plaintiff's First Set of Discovery Requests. We write with respect to deficiencies in your clients' responses.

**I.  Deficiencies in the Isley Defendants' Response to Plaintiff's First Set of Interrogatories**

    **A. Failure to Verify**

    As an initial matter, the Isley Defendants' Interrogatory responses are not verified. Fed.R.Civ.Pro. 33(b) requires interrogatories to "be answered…by the party to whom they are

---

[1] The "Isley Defendants" refer to Defendants Ronald Isley ("Ronald"), Rudolph Isley ("Rudolph"), The Estate of O'Kelly Isley, J.R. (the "O'Kelly Estate"), Isley Brothers, L.L.C. ("Isley Brothers LLC"), Isley Brothers Royalty Venture I SPC, Inc. ("Royalty Venture"), Three Boys Music Corporation ("Three Boys"), Bovina Music Inc. ("Bovina"), T-Neck Records, Inc. ("T-Neck"), and Triple Three Music, Inc. ("Triple Three").

1

directed," Fed. R. Civ. P. 33(b)(1)(a), and "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Please amend your responses and provide verification pages from the persons who responded to Plaintiff's Interrogatories.

### B. The Isley Defendants' Boiler-Plate Objections as to Relevancy, Overbreadth, Undue Burden and Disproportionality

The Isley Defendants' general objection on the basis that Defendants' request is overbroad or presents an undue burden is patently improper.

In doing do, the Isley Defendants have violated the December 1, 2015 amendments to the Federal Rules of Civil Procedure by raising these objections without identifying any particularized fact as to why such objections are made. "Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, accompanied by a lack of document production or interrogatory responses, are a paradigm of discovery abuse." *Harris v. Bronx Parent Hous. Network, Inc*., 2020 WL 763740, at *2 (S.D.N.Y. 2020) (citation and quotations omitted). "A party resisting discovery has the burden of showing "specifically how…each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive…by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* (*citing Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012)).

By applying improper general objections on the basis of relevancy, overbreadth, undue burden and disproportionality, to each of Plaintiff's specific requests, the Isley Defendants have violated Fed.R.Civ.Pro. 34 and Fed.R.Civ.P. 33(b)(4), and their objections may be deemed to be waived. *See Carl v. Edwards*, 2017 WL 4271443, at *4 (E.D.N.Y. 2017).

### C. The Isley Defendants' Boiler-Plate Objections as to Privilege

The Isley Defendants' general objection on the basis that Plaintiff's Interrogatories violate a privilege is patently improper. Pursuant to Fed.R.Civ.Pro. 26(b)(5)(A), when a party withholds discoverable information by the assertion of privilege, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." This process, is generally known as the creation of "privilege log." Likewise, Local Rule 26.2 directs that parties asserting privilege shall disclose the type of document, general subject matter of the document, date, and any other information "sufficient to identify the document for a subpoena *duces tecum*, including…the author of the document, the addressees of the document…and the relationship of the author, addressees, and recipients to each other." Local Civil Rule 26.2.) *Lopez v. City of New York*, 2007 WL 869590, at *3 (E.D.N.Y. 2007). the Isley Defendants have failed to meet its obligations under Fed.R.Civ.P. 26(b)(5)(A) and Local Civil Rule 26.2, and as a result, once again violates the Federal Discovery Rules. Additionally, the Isley Defendants' objection of work product doctrine would only apply to documents prepared in anticipation of litigation, and not those created in the routine course of business. *Id*.

### D. The Isley Defendants' Boiler-Plate Reservation to Supplement Responses at a Later Date

In response to each and every Interrogatory, the Isley Defendants claim to "reserve[] the right to supplement or modify its responses and objections to the Interrogatories if and when it discovers any additional responsive, non-privileged information adduced, disclosed, or developed through discovery or further investigation, as well as to assert additional general and specific objections not contained herein."

"By signing a response to a discovery request, an attorney certifies that to the best of her 'knowledge, information, and belief [is] formed after a reasonable inquiry…" *Markey v. Lapolla Indus., Inc*., 2015 WL 5027522, at *15 (E.D.N.Y. 2015), (*quoting Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 1810104, at *2 (S.D.N.Y. 2009) and Fed.R.Civ.P. 26(g)(1)). The Isley Defendants were first on notice of this Action as early as September 2020. That is, the Isley Defendants have had more than four (4) full months to identify, preserve, and locate responsive information in their custody, possession, and control ("possession") as required by either the Southern District of New York's Local Civil Rules and/or the Federal Rules of Civil Procedure. The Isley Defendants cannot unilaterally reserve documents for production on a later date.

If there are no responsive responses to Plaintiff's Interrogatories, the Isley Defendants must confirm so.

### E. The Isley Defendants' Boiler-Plate Objections as to the Method of Plaintiff's Electronic Service

In response to each and every Interrogatory, the Isley Defendants object on the basis that they "have not been properly served with Plaintiff's discovery requests". This is patently improper.

By email dated February 16, 2021 at 3:24 p.m., The Isley Defendants' explicitly consented to accept service by electronic means.

### F. Interrogatory No. 1

**The Isley Defendants' Response to Interrogatory No. 1**: Defendants further object to this interrogatory because it is vague, ambiguous, unduly burdensome and overly broad. Defendants further object that this request violates Defendants' privacy, is harassing, constitutes an impermissible "fishing expedition," requires Defendants to marshal all evidence, is not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, no discovery responses are due at this time because the Isley Defendants have not been properly served with Plaintiffs discovery requests.

**Deficiency**: By re-asserting its boilerplate objections, which include unsubstantiated claims of privileged information, and undue burden, overbreadth, lack of relevancy, and failing to produce any responsive documents or interrogatory responses, the Isley Defendants are

3

stonewalling. *See* §§ I(B), I(E), *supra*. Such conduct "[is] a paradigm of discovery abuse." *Harris*., 2020 WL 763740 at *2. *See also* § I(C), *supra*.

Moreover, for the reasons stated more fully in § I(C), *supra*, the Isley Defendants' boilerplate objections on the basis of "privilege" and "work-product doctrine" are infirm, as the Isley Defendants failed to provide a privilege log pursuant to Fed.R.Civ.Pro. 26(b)(5)(A) and Local Rule 26.2.

To avoid unnecessary Court intervention, the Isley Defendants must provide responsive information to Interrogatory No. 1.

### G. Interrogatory Nos. 2 – 10

**The Isley Defendants' Response to Interrogatory Nos. 2-18**: The Isley Defendants' repeat – verbatim – the same boilerplate objections in response to each and every one of Plaintiff's Interrogatories. *To wit*: the Isley Defendants' categorically object to Plaintiff's Interrogatories on the basis of: (i) privilege and / or work-product doctrine; and (ii) generalized assertions of vagueness, ambiguity, undue burden and overbreadth.

**Deficiency**: By re-asserting its boilerplate objections, which include unsubstantiated claims of privileged information, and undue burden, overbreadth, lack of relevancy, and failing to produce any responsive documents or interrogatory responses, the Isley Defendants are stonewalling. *See* §§ I(B), I(E), *supra*. Such conduct "[is] a paradigm of discovery abuse." *Harris*., 2020 WL 763740 at *2. *See also* § I(C), *supra*.

Moreover, for the reasons stated more fully in § I(C), *supra*, the Isley Defendants' boilerplate objections on the basis of "privilege" and "work-product doctrine" are infirm, as the Isley Defendants failed to provide a privilege log pursuant to Fed.R.Civ.Pro. 26(b)(5)(A) and Local Rule 26.2.

To avoid unnecessary Court intervention, the Isley Defendants must provide responsive information to Interrogatory Nos. 1-10.

### II. Deficiencies in the Isley Defendants' Response to Plaintiff's First Request for the Production of Documents

#### A. The Isley Defendants' Boiler-Plate General Objections

As you are no doubt aware, under Fed.R.Civ.Pro. 34 it is patently improper to assert general objections to discovery demands. By incorporating each of its general objections into the response of each of Defendants' specific requests, the Isley Defendants have violated both Fed.R.Civ.Pro. 34(b)(2)(B) and 34(b)(2)(C). *See Fischer v. Forrest*, 2017 WL 773694, at 3 (S.D.N.Y. 2017); *see also Edwards*, 2017 WL 4271443 at *4. By applying general objections to each of Plaintiff's specific requests, the Isley Defendants have violated Fed.R.Civ.Pro. 34, and their objections may be deemed to be waived. *See Edwards*, 2017 WL 4271443 at *4.

### B. The Isley Defendants' Boiler-Plate Objections as to Relevancy, Overbreadth, Undue Burden and Disproportionality

The Isley Defendants' boiler-plate objections as to relevancy, overbreadth, undue burden and disproportionality are deficient for the reasons set forth more fully in § I(B), *supra*.

By applying such improper general objections to each of Plaintiff's specific requests, the Isley Defendants have violated Fed.R.Civ.Pro. 34 and Fed.R.Civ.P. 33(b)(4), and their objections may be deemed to be waived. *See Edwards*, 2017 WL 4271443 at *4.

By re-asserting these boilerplate objections to Document Requests Nos. 1 – 8, and failing to produce any responsive documents, the Isley Defendants are stonewalling. Such conduct "[is] a paradigm of discovery abuse." *Harris*., 2020 WL 763740 at *2. *See also §* I(C), *supra*.

To avoid unnecessary Court intervention, the Isley Defendants must provide responsive documents to Document Requests Nos. 1 – 8, and must continue to supplement responsive documents through the fact discovery process.

### C. The Isley Defendants' Boiler-Plate Objections as to Privilege

The Isley Defendants' boiler-plate objections as to privilege and work-product doctrine are deficient for the reasons set forth more fully in § I(C), *supra*.

By re-asserting these boilerplate objections to Document Requests Nos. 1 – 10, and failing to produce any responsive documents, the Isley Defendants are stonewalling. Such conduct "[is] a paradigm of discovery abuse." *Harris*., 2020 WL 763740 at *2. *See also §* I(C), *supra*.

To avoid unnecessary Court intervention, the Isley Defendants must provide responsive documents to Document Requests Nos. 1 – 10, and must continue to supplement responsive documents through the fact discovery process.

### D. The Isley Defendants' Boiler-Plate Reservation to Supplement Responses at a Later Date

The Isley Defendants' reservation to supplement responses at a later date is improper for the reasons set forth more fully in § I(D), *supra*.

If there are no responsive responses to Plaintiff's First Request for the Production of Documents, the Isley Defendants must confirm so.

By re-asserting these boilerplate objections to Document Requests Nos. 1 – 10, and failing to produce any responsive documents, the Isley Defendants are stonewalling. Such conduct "[is] a paradigm of discovery abuse." *Harris*., 2020 WL 763740 at *2. *See also §* I(C), *supra*.

Moreover, the Isley Defendants' objections on the basis of the entry of a protective order

is moot. The Court entered the Stipulated Confidentiality Agreement and Protective Order on February 2, 2021 [Dckt. No. 63].

To avoid unnecessary Court intervention, the Isley Defendants must provide responsive documents to Document Requests Nos. 1 – 10, and must continue to supplement responsive documents through the fact discovery process.

### E. Document Requests Nos. 1 – 11

**The Isley Defendants' Response to Document Requests Nos. 1-11**: The Isley Defendants' repeat – verbatim – the same boilerplate objections in response to each and every one of Plaintiff's Document Requests. *To wit*: the Isley Defendants' categorically object to Plaintiff's Interrogatories on the basis of: (i) privilege and / or work-product doctrine; and (ii) generalized assertions of vagueness, ambiguity, undue burden and overbreadth.

**Deficiency**: By re-asserting its boilerplate objections, which include unsubstantiated claims of privileged information, and undue burden, overbreadth, lack of relevancy, and failing to produce any responsive documents or interrogatory responses, the Isley Defendants are stonewalling. *See* §§ I(B), I(E), *supra*. Such conduct "[is] a paradigm of discovery abuse." *Harris*., 2020 WL 763740 at *2. *See also* § I(C), *supra*.

Moreover, for the reasons stated more fully in § I(C), *supra*, the Isley Defendants' boilerplate objections on the basis of "privilege" and "work-product doctrine" are infirm, as the Isley Defendants failed to provide a privilege log pursuant to Fed.R.Civ.Pro. 26(b)(5)(A) and Local Rule 26.2.

To avoid unnecessary Court intervention, the Isley Defendants must provide responsive information to Document Requests Nos. 1-11.

### III. Conclusion.

We request that the Isley Defendants cure all deficiencies outlined in this letter by no later than Friday, February 19, 2021. We trust that these matters can be addressed without Court intervention. Please note that our review of the Isley Defendants' discovery responses is ongoing, and we reserve our right to raise any additional deficiencies in the future.

Thank you, in advance, for your time and attention.

                                           Respectfully submitted,

                                           LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                           By: /s/ Joshua D. Levin-Epstein
                                                Joshua D. Levin-Epstein
                                                420 Lexington Avenue, Suite 2525

                                                New York, NY 10170
                                                Tel.: (212) 792-0046
                                                Email: Joshua@levinepstein.com
                                                *Attorneys for Plaintiff*