# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE PULLMAN GROUP, LLC,

      Plaintiff,

          vs.

RONALD ISLEY, RUDOLPH ISLEY,
RESERVOIR MEDIA MANAGEMENT,
INC., THE ESTATE OF O'KELLY
ISLEY, J.R., ISLEY BROTHERS, L.L.C.,
ISLEY BROTHERS ROYALTY
VENTURE I SPC, INC., THREE BOYS
MUSIC CORPORATION, BOVINA
MUSIC INC., T-NECK RECORDS, INC.,
TRIPLE THREE MUSIC, INC. AND
JOHN DOE CORPORATIONS 1-5,

      Defendants.

Civil Action No. 1:20-cv-07293-GHW

Honorable Gregory H. Woods

**ISLEY DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE
ISLEY DEFENDANTS**

Defendants Ronald Isley, Rudolph Isley, The Estate of O'Kelly Isley, Jr., Isley Brothers,

L.L.C., Isley Brothers Royalty Venture I SPC, Inc., Three Boys Music Corporation, Bovina Music

Inc., T-Neck Records, Inc., and Triple Three Music, Inc. (collectively, "the Isleys" or "Isley

Defendants" or "Defendants") serve these Supplemental Responses and Objections to Plaintiff The

Pullman Group, LLC's First Request for the Production of Documents as follows:

**GENERAL OBJECTIONS**

1.      The Isley Defendants object to each request for production contained in Plaintiff's

First Request for the Production of Documents to the Isley Defendants (each a "Request," and,

collectively, the "Requests"), and to the "Definitions" and "Instructions" applicable thereto, to the

extent they purport to expand or otherwise modify the scope of discovery permissible under the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of New York, and/or any other applicable rules or laws.

2.      The Isley Defendants object to each Request as overbroad and unduly burdensome to the extent it seeks documents and information unrelated to allegations at issue in this action, and/or that are not reasonably accessible.

3.      The Isley Defendants object to each Request insofar as it purports to require the Isley Defendants to undertake an unreasonable search and inquiry not proportional to the needs of this case.

4.      The Isley Defendants object to each Request to the extent it is duplicative of or otherwise subsumed by any other Request(s).

5.      The Isley Defendants object to each Request to the extent it is overly broad, unduly burdensome, harassing, or unnecessary.

6.      The Isley Defendants object to each Request to the extent that it seeks documents and information that is unlikely to lead to the discovery of documents and information not already sought in previous Requests.

7.      The Isley Defendants object to each Request to the extent that it seeks documents and information that are already in Plaintiff's possession, custody, or control, are publicly available, or are available from some other source that would be more convenient, less burdensome, and less expensive.

8.      The Isley Defendants object to each Request to the extent it seeks documents not within the Isley Defendants' possession, custody, or control. The Isley Defendants will collect and produce documents only to the extent such documents are in their possession, custody, or control.

9.      The Isley Defendants object to each Request to the extent that it assumes disputed facts or legal conclusions, or incorporates characterizations and/or mischaracterizations in defining the documents or information sought. The Isley Defendants hereby deny any such disputed facts, legal conclusions, characterizations, and mischaracterizations.

10.     The Isley Defendants object to each Request to the extent it broadly demands production, and expressly refuses to accept the redaction of documents and information protected from disclosure under the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other legally recognized privilege or immunity. Such documents will not knowingly be disclosed. Inadvertent production or disclosure of any documents or information otherwise immune from discovery shall not be deemed a waiver of any applicable privilege or work product protection. Any inadvertent disclosure shall be protected under Rule 502 of the Federal Rules of Evidence. To the extent any privileged document is produced, the Isley Defendants demand its immediate return.

11.     The Isley Defendants object to each Request insofar as it is vague, ambiguous, and/or fails to describe the items requested with reasonable particularity.

12.     The Isley Defendants object to each Request to the extent it calls for the production of confidential commercial, business, financial, proprietary, trade-secret, or sensitive information of the Isley Defendants. Documents containing or reflecting such information will only be produced, if at all, subject to a protective order.

13.     The Isley Defendants object to each Request to the extent it seeks information in which the Isley Defendants or other individuals or entities have a legitimate expectation or right to privacy pursuant to constitutional authority, statute, or case law, or on any other basis.

14.     The Isley Defendants object to each Request to the extent it purports to require

production of documents that would violate any duty of confidentiality or nondisclosure owed to a third party or otherwise imposed by law.

15.    The Isley Defendants object to each Request to the extent that it seeks the production of "all" documents under circumstances in which a production of a subset of all documents would be sufficient to show the pertinent information. The Isley Defendants further object to any request seeking "all documents" on the grounds that the Isley Defendants cannot guarantee that they have located every single document responsive to a particular request. To the extent that the Isley Defendants respond to any request seeking "all" documents, the Isley Defendants will produce any responsive, non-privileged documents within their possession, custody, or control that can be located after a reasonable search.

16.    The Isley Defendants object to the Requests' purported definitions and rules of construction to the extent they conflict with the definitions and rules of construction in any rules of procedure applicable to this action.

17.    The Isley Defendants object to the Requests' definition of "You", "Your" or "Isley Defendants" to the extent it seeks information from a source other than the Isley Defendants and to the extent it purports to require the Isley Defendants to produce documents that are not in their possession, custody, or control.

18.    The Isley Defendants object to the Requests' definition of "Reservoir" or Shukat Hafer & Herbsman LLP or any reference to a third-party to the extent that definition or reference purports to include any person or entity of which the Isley Defendants have no knowledge or that is not otherwise specifically identified within the definition.

19.    The Isley Defendants object to the Requests insofar as they purport to require the Isley Defendants to produce documents and information from the time period beginning on July

20, 1999, through and including the date of the Complaint, an unreasonably long period of time that is unduly burdensome and not proportional to the needs of this case.

20. Any statement that the Isley Defendants will produce documents is not a representation that such documents exist or that responsive documents are within the Isley Defendants' possession, custody, or control. Any production of documents by the Isley Defendants is subject to these General Objections, as well as any specific objections to individual Requests, and shall not constitute a waiver of any applicable objection or privilege.

21. The Isley Defendants' investigation is continuing and, therefore, the Isley Defendants reserve the right to supplement or modify their responses and objections to the Requests if and when they discover any additional responsive, non-privileged information adduced, disclosed, or developed through discovery or further investigation, as well as to assert additional general and specific objections not contained herein. The Isley Defendants do not hereby assume any responsibility to supplement these responses beyond that prescribed by the provisions of the Federal Rules of Civil Procedure and the Local Rules of this Court.

22. The Isley Defendants' responses to the Requests are made expressly without waiving or intending to waive, but rather preserving and intending to preserve, all objections as to the relevance, materiality, and admissibility as evidence for any purpose of the documents sought, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding, or investigation.

23. The Isley Defendants are prepared to meet and confer with Plaintiff with respect to any of the objections or responses set forth below.

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

<u>**DOCUMENT REQUEST NO. 1**</u>

All documents and communications concerning in any way to Plaintiff's above-captioned Action.

<u>**RESPONSE:**</u>

The Isley Defendants object to this Request as overbroad, unduly burdensome, vague, ambiguous, not relevant to the issues of law and fact in this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case insofar as it seeks documents and communications "concerning in any way to Plaintiff's above-captioned Action." The Isley Defendants further object to this Request to the extent that it seeks documents that are: (i) not proportional to the needs of this case; (ii) based on disputed facts, legal conclusions, and/or mischaracterizations which the Isley Defendants deny; (iii) protected from disclosure by one or more privileges and/or doctrines, including the attorney-client privilege, the common interest privilege and work-product doctrine; (iv) already in Plaintiff's possession, custody, or control; (v) not in the Isley Defendants' possession, custody, or control; (vi) contain confidential commercial, business, financial, proprietary, trade secret, or sensitive information of the Isley Defendants; and (vii) is duplicative of or otherwise subsumed by other Requests.

<u>**DOCUMENT REQUEST NO. 2**</u>

All documents and communications concerning in any way to the Isley Defendants' defenses in the above-captioned Action.

<u>**RESPONSE:**</u>

The Isley Defendants object to this Request as overbroad, unduly burdensome, vague, ambiguous, not relevant to the issues of law and fact in this action, not reasonably calculated to

lead to the discovery of admissible evidence, and not proportional to the needs of this case insofar as it seeks documents and communications "concerning in any way to the Isley Defendant's defenses". The Isley Defendants further object to this Request to the extent that it seeks documents that are: (i) not proportional to the needs of this case; (ii) based on disputed facts, legal conclusions, and/or mischaracterizations which the Isley Defendants deny; (iii) protected from disclosure by one or more privileges and/or doctrines, including the attorney-client privilege, the common interest privilege and work-product doctrine; (iv) already in Plaintiff's possession, custody, or control; (v) not in the Isley Defendants' possession, custody, or control; (vi) contain confidential commercial, business, financial, proprietary, trade secret, or sensitive information of the Isley Defendants; and (vii) is duplicative of or otherwise subsumed by other Requests.

## DOCUMENT REQUEST NO. 3

All documents and communications concerning any of the events concerning or relating to Plaintiff's above-captioned Action, by, among, and between the Isley Defendants, on the one hand, and the following Persons, on the other hand:

(i)   Plaintiff;

(ii)   Reservoir Media Management, Inc. ("Reservoir");

(iii)   EMI Music Publishing, Ltd. ("EMI");

(iv)   Shukat Arrow Hafer & Herbsman LLP ("Shukat"), including but not limited to, Michael Frisch, Esq., and Jonas Herbson, Esq;

(v)   Brian D. Caplan, Esq.;

(vi)   Lisa Alter, Esq.;

(vii)   Donald Zakarian, Esq.;

(viii)   Allen Grubman, Esq.;

     (ix)     Sony ATV;

     (x)     Any and all prospective and potential buyers of the Isley Defendants Musical Assets. The term "Musical Assets" includes all of the Isley Defendants' right, title and interest in certain musical compositions and recordings of the Isley Defendants' songs as set forth in the Engagement Letters (as defined in the Complaint), that were successfully securitized into the Pullman Bonds (as defined in the Complaint);

     (xi)     Any and all Persons that assisted the Isley Defendants regarding financings/asset sale(s) in connection and/ or concerning the Musical Assets; and

     (xii)     Any and all Persons that assisted the Isley Defendants regarding and/ or concerning any of the activities listed in the Engagement Letters (as defined in the Complaint).

**RESPONSE:**

The Isley Defendants object to this Request as overbroad, unduly burdensome, vague, ambiguous, not relevant to the issues of law and fact in this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case insofar as it seeks documents and communications "concerning any of the events concerning or relating to Plaintiff's above-captioned Action". The Isley Defendants further object to this Request to the extent that it seeks documents that are: (i) not proportional to the needs of this case; (ii) based on disputed facts, legal conclusions, and/or mischaracterizations which the Isley Defendants deny; (iii) protected from disclosure by one or more privileges and/or doctrines, including the attorney-client privilege, the common interest privilege and work-product doctrine; (iv) already in

Plaintiff's possession, custody, or control; (v) not in the Isley Defendants' possession, custody, or control; (vi) contain confidential commercial, business, financial, proprietary, trade secret, or sensitive information of the Isley Defendants; and (vii) is duplicative of or otherwise subsumed by other Requests.

Subject to and without waiver of the foregoing objections and the General Objections, defendant Reservoir Media Management, Inc. has already produced the Asset Purchase Agreement dated as of September 7, 2018 (the "Asset Purchase Agreement"). Moreover, and subject to a protective order, within a reasonable time frame, the Isley Defendants will produce non-privileged documents and communications within their possession, custody, or control that can be located after a reasonable search, relating to the negotiation and execution of the Asset Purchase Agreement, if any.

## DOCUMENT REQUEST NO. 4

All documents and communications concerning any of the events concerning or relating to the following:

(i)     The Engagement Letters (as defined in the Complaint);

(ii)    EMI Transaction (as defined in the Complaint);

(iii)   EMI Asset Sale Agreement (as defined in the complaint);

(iv)    Reservoir Transaction (as defined in the Complaint); and

(v)     Reservoir Asset Sale Agreement (as defined in the Complaint).

## RESPONSE:

The Isley Defendants object to this Request as overbroad, unduly burdensome, vague, ambiguous, not relevant to the issues of law and fact in this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case insofar

as it seeks "all documents and communications concerning" certain documents and transactions. The Isley Defendants further object to this Request to the extent that it seeks documents that are: (i) not proportional to the needs of this case; (ii) based on disputed facts, legal conclusions, and/or mischaracterizations which the Isley Defendants deny; (iii) protected from disclosure by one or more privileges and/or doctrines, including the attorney-client privilege, the common interest privilege and work-product doctrine; (iv) already in Plaintiff's possession, custody, or control; (v) not in the Isley Defendants' possession, custody, or control; (vi) contain confidential commercial, business, financial, proprietary, trade secret, or sensitive information of the Isley Defendants; and (vii) is duplicative of or otherwise subsumed by other Requests.

Subject to and without waiver of the foregoing objections and the General Objections, defendant Reservoir Media Management, Inc. has already produced the Asset Purchase Agreement dated as of September 7, 2018 (the "Asset Purchase Agreement"). Moreover, and subject to a protective order, within a reasonable time frame, the Isley Defendants will produce non-privileged documents and communications within their possession, custody, or control that can be located after a reasonable search, relating to the negotiation and execution of the Asset Purchase Agreement, if any.

**DOCUMENT REQUEST NO. 5**

All documents and communications concerning any of the events concerning or relating to the Isley Defendants relationship with Shukat Hafer & Herbsman LLP ("Shukat"), including but not limited to, engagement agreement(s) (including metadata), invoices, and payment receipts documents prepared, developed, or reviewed by Shukat.

**RESPONSE:**

The Isley Defendants object to this Request as overbroad, unduly burdensome, vague, ambiguous, not relevant to the issues of law and fact in this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case insofar as it seeks "All documents and communications" concerning "any of the events concerning or concerning any of the events concerning or relating to the Isley Defendants['] relationship with Shukat Hafer & Herbsman LLP". The Isley Defendants further object to this Request to the extent that it seeks documents that are: (i) not proportional to the needs of this case; (ii) based on disputed facts, legal conclusions, and/or mischaracterizations which the Isley Defendants deny; (iii) protected from disclosure by one or more privileges and/or doctrines, including the attorney-client privilege, the common interest privilege and work-product doctrine; (iv) already in Plaintiff's possession, custody, or control; (v) not in the Isley Defendants' possession, custody, or control; (vi) contain confidential commercial, business, financial, proprietary, trade secret, or sensitive information of the Isley Defendants; and (vii) is duplicative of or otherwise subsumed by other Requests.

Subject to and without waiver of the foregoing objections and the General Objections, defendant Reservoir Media Management, Inc. has already produced the Asset Purchase Agreement dated as of September 7, 2018 (the "Asset Purchase Agreement"). Moreover, and subject to a protective order, within a reasonable time frame, the Isley Defendants will produce non-privileged documents and communications within their possession, custody, or control that can be located after a reasonable search, relating to the negotiation and execution of the Asset Purchase Agreement, if any.

**DOCUMENT REQUEST NO. 6**

All documents that are or relate to any communication between you and any person (other than your attorney), entity, or federal, state, or local agency relating to the allegations in the Complaint.

**RESPONSE:**

The Isley Defendants object to this Request as overbroad, unduly burdensome, vague, ambiguous, not relevant to the issues of law and fact in this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case insofar as it seeks "All documents" relating to any communication between the Isley Defendants and unspecified third-parties "relating to the allegations in the Complaint". The Isley Defendants further object to this Request to the extent that it seeks documents that are: (i) not proportional to the needs of this case; (ii) based on disputed facts, legal conclusions, and/or mischaracterizations which the Isley Defendants deny; (iii) protected from disclosure by one or more privileges and/or doctrines, including the attorney-client privilege, the common interest privilege and work-product doctrine; (iv) already in Plaintiff's possession, custody, or control; (v) not in the Isley Defendants' possession, custody, or control; (vi) contain confidential commercial, business, financial, proprietary, trade secret, or sensitive information of the Isley Defendants; and (vii) is duplicative of or otherwise subsumed by other Requests.

**DOCUMENT REQUEST NO. 7**

Documents you obtained from any person relating to the allegations in the Complaint, including but not limited to any written statements, affidavits, declarations, notes, or sworn testimony.

**RESPONSE:**

The Isley Defendants object to this Request as overbroad, unduly burdensome, vague, ambiguous, not relevant to the issues of law and fact in this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case insofar as it seeks Documents "obtained from any person relating to the allegations in the Complaint." The Isley Defendants further object to this Request to the extent that it seeks documents that are: (i) not proportional to the needs of this case; (ii) based on disputed facts, legal conclusions, and/or mischaracterizations which the Isley Defendants deny; (iii) protected from disclosure by one or more privileges and/or doctrines, including the attorney-client privilege, the common interest privilege and work-product doctrine; (iv) already in Plaintiff's possession, custody, or control; (v) not in the Isley Defendants' possession, custody, or control; (vi) contain confidential commercial, business, financial, proprietary, trade secret, or sensitive information of the Isley Defendants; and (vii) is duplicative of or otherwise subsumed by other Requests.

Subject to and without waiver of the foregoing objections and the General Objections, the Isley Defendants state that no documents responsive to this Request exist.

**DOCUMENT REQUEST NO. 8**

Documents that are or relate to any social networking or other websites, texting or instant messaging (IM) platforms, or email accounts by which you shared, posted, requested, solicited, or exchanged information relating to any of the allegations in the Complaint.

**RESPONSE:**

The Isley Defendants object to this Request as overbroad, unduly burdensome, vague, ambiguous, not relevant to the issues of law and fact in this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case insofar as it seeks "Documents that are or relate to any social networking or other websites, texting or

instant messaging (IM) platforms, or email accounts" relating to the allegations in the Complaint. The Isley Defendants further object to this Request to the extent that it seeks documents that are: (i) not proportional to the needs of this case; (ii) based on disputed facts, legal conclusions, and/or mischaracterizations which the Isley Defendants deny; (iii) protected from disclosure by one or more privileges and/or doctrines, including the attorney-client privilege, the common interest privilege and work-product doctrine; (iv) already in Plaintiff's possession, custody, or control; (v) not in the Isley Defendants' possession, custody, or control; (vi) contain confidential commercial, business, financial, proprietary, trade secret, or sensitive information of the Isley Defendants; and (vii) is duplicative of or otherwise subsumed by other Requests.

## DOCUMENT REQUEST NO. 9

Documents evidencing any academic degrees, professional licenses, and/or certifications you have earned, including without limitation, any securities licenses.

## RESPONSE:

The Isley Defendants object to this Request as overbroad, unduly burdensome, vague, ambiguous, not relevant to the issues of law and fact in this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case insofar as it seeks "Documents evidencing any academic degrees, professional licenses, and/or certifications you have earned." The Isley Defendants further object to this Request to the extent that it seeks documents that are: (i) not proportional to the needs of this case; (ii) based on disputed facts, legal conclusions, and/or mischaracterizations which the Isley Defendants deny; (iii) protected from disclosure by one or more privileges and/or doctrines, including the attorney-client privilege, the common interest privilege and work-product doctrine; (iv) already in Plaintiff's possession, custody, or control; (v) not in the Isley Defendants' possession, custody, or control;

(vi) contain confidential commercial, business, financial, proprietary, trade secret, or sensitive information of the Isley Defendants; and (vii) is duplicative of or otherwise subsumed by other Requests..

**DOCUMENT REQUEST NO. 10**

All documents you intend to use as exhibits in this case.

**RESPONSE:**

The Isley Defendants object to this Request on the grounds that it is premature to the extent that the Isley Defendants have not determined which exhibits that they intend to rely upon in any future proceeding. The Isley Defendants further object to this request to the extent that it seeks documents protected from disclosure by one or more privileges and/or doctrines, including the attorney-client privilege, the common interest privilege and work-product doctrine.

**DOCUMENT REQUEST NO. 11**

To the extent not requested above, documents relating to any of the defenses to the allegations contained in the Complaint.

**RESPONSE:**

The Isley Defendants object to this Request on the grounds that it is premature to the extent that the Isley Defendants have not determined which exhibits that they intend to rely upon in any future proceeding. The Isley Defendants further object to this request to the extent that it seeks documents protected from disclosure by one or more privileges and/or doctrines, including the attorney-client privilege, the common interest privilege and work-product doctrine.

Dated: March 1, 2021                    WILLS LAW FIRM, PLLC

                                        */s/ Rhonda H. Wills*
                                        Rhonda H. Wills
                                        New York Bar No. 5373295
                                        rwills@rwillslawfirm.com
                                        Wills Law Firm, PLLC
                                        1776 Yorktown, Suite 570
                                        Houston, Texas 77056
                                        Telephone: (713) 528-4455

                                        ATTORNEY FOR ISLEY DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, I served this document in accordance with the Federal Rules of Civil Procedure as described below upon the following persons:

*Via Email:*
Joshua Levin-Epstein
Jason Mizrahi
LEVIN-EPSTEIN & ASSOCIATES, P.C.
420 Lexington Avenue, Suite 2525
New York, NY 10170
Telephone: (212) 792-0046
Joshua@levinepstein.com
Jason@levinepstein.com

ATTORNEYS FOR PLAINTIFF

*Via Email:*
Barry I. Slotnick
Noah Weingarten
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4000
bslotnick@loeb.com
nweingarten@loeb.com

ATTORNEYS FOR DEFENDANT
RESERVOIR MEDIA MANAGEMENT, INC.

*/s/Rhonda H. Wills*
Rhonda H. Wills

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE PULLMAN GROUP, LLC,

     Plaintiff,

         vs.

RONALD ISLEY, RUDOLPH ISLEY,
RESERVOIR MEDIA MANAGEMENT,
INC., THE ESTATE OF O'KELLY
ISLEY, J.R., ISLEY BROTHERS, L.L.C.,
ISLEY BROTHERS ROYALTY
VENTURE I SPC, INC., THREE BOYS
MUSIC CORPORATION, BOVINA
MUSIC INC., T-NECK RECORDS, INC.,
TRIPLE THREE MUSIC, INC. AND
JOHN DOE CORPORATIONS 1-5,

     Defendants.

Civil Action No. 1:20-cv-07293-GHW

Honorable Gregory H. Woods

## ISLEY DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE ISLEY DEFENDANTS

Defendants Ronald Isley, Rudolph Isley, The Estate of O'Kelly Isley, Jr., Isley Brothers,

L.L.C., Isley Brothers Royalty Venture I SPC, Inc., Three Boys Music Corporation, Bovina Music

Inc., T-Neck Records, Inc., and Triple Three Music, Inc. (collectively, "the Isleys" or "Isley

Defendants" or "the Isley Defendants" or "Defendants") serve these Supplemental Responses and

Objections to Plaintiff The Pullman Group, LLC's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.     The Isley Defendants object to Plaintiff's First Set of Interrogatories to the Isley

Defendants (each an "Interrogatory," and, collectively, the "Interrogatories"), and to the

"Definitions" and "Instructions" applicable thereto, to the extent they purport to expand or

otherwise modify the scope of discovery permissible under the Federal Rules of Civil Procedure,

1

the Local Rules of the U.S. District Court for the Southern District of New York, and/or any other applicable rules or laws.

2.      The Isley Defendants object to each Interrogatory as overbroad and unduly burdensome to the extent it seeks documents and information unrelated to allegations at issue in this action, and/or that are not reasonably accessible.

3.      The Isley Defendants object to each Interrogatory insofar as it purports to require the Isley Defendants to undertake an unreasonable search and inquiry not proportional to the needs of the case.

4.      The Isley Defendants object to each Interrogatory to the extent it is duplicative of or otherwise subsumed by any other Interrogatory.

5.      The Isley Defendants object to each Interrogatory to the extent it is overly broad, unduly burdensome, harassing, or unnecessary.

6.      The Isley Defendants object to each Interrogatory to the extent that it seeks documents and information that is unlikely to lead to the discovery of documents and information not already sought in previous Interrogatories.

7.      The Isley Defendants object to each Interrogatory to the extent that it seeks documents and information that are already in Pullman's possession, custody, or control, are publicly available, or are available from some other source that would be more convenient, less burdensome, and less expensive.

8.      The Isley Defendants object to each Interrogatory to the extent it seeks documents not within the Isley Defendants' possession, custody, or control. The Isley Defendants will collect and produce documents only to the extent such documents are in their possession, custody, or control.

9.      The Isley Defendants object to the Interrogatories insofar as they seek information beyond the scope of Local Rule 33.3.

10.     The Isley Defendants object to each Interrogatory to the extent that it assumes disputed facts or legal conclusions, or incorporates characterizations and/or mischaracterizations in defining the documents or information sought. The Isley Defendants hereby deny any such disputed facts, legal conclusions, characterizations, and mischaracterizations.

11.     The Isley Defendants object to each Interrogatory to the extent it broadly demands production, and expressly refuses to accept the redaction of documents and information protected from disclosure under the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other legally recognized privilege or immunity. Such documents or information will not knowingly be disclosed. Inadvertent production or disclosure of any documents or information otherwise immune from discovery shall not be deemed a waiver of any applicable privilege or work product protection. Any inadvertent disclosure shall be protected under Rule 502 of the Federal Rules of Evidence. To the extent any privileged document is produced, the Isley Defendants demand its immediate return.

12.     The Isley Defendants object to each Interrogatory insofar as it is vague, ambiguous, and/or fails to describe the documents or information requested with reasonable particularity.

13.     The Isley Defendants object to each Interrogatory to the extent it calls for the production of confidential commercial, business, financial, proprietary, trade-secret, or sensitive information of the Isley Defendants.

14.     The Isley Defendants object to each Interrogatory to the extent it seeks information in which the Isley Defendants or other individuals or entities have a legitimate expectation or right to privacy pursuant to constitutional authority, statute, or case law, or on any other basis.

15.     The Isley Defendants object to each Interrogatory to the extent it purports to require production of documents or information that would violate any duty of confidentiality or nondisclosure owed to a third party or otherwise imposed by law.

16.     The Isley Defendants object to each Interrogatory to the extent that it seeks the production of "all" documents, persons, or information, under circumstances in which a production of a subset of all documents or information would be sufficient. The Isley Defendants further object to any Interrogatory seeking "all documents" on the grounds that the Isley Defendants cannot guarantee that they have located every single document responsive to a particular Interrogatory. To the extent that the Isley Defendants respond to any Interrogatory seeking "all" documents or information, the Isley Defendants will produce any responsive, non-privileged documents within their possession, custody, or control that can be located after a reasonable search.

17.     The Isley Defendants object to the Interrogatories' purported definitions and rules of construction to the extent they conflict with the definitions and rules of construction in any rules of procedure applicable to this action.

18.     The Isley Defendants object to the Interrogatories' definition of "You", "Your" or "Isley Defendants" to the extent it seeks information from a source other than the Isley Defendants and to the extent it purports to require the Isley Defendants to produce documents that are not in their possession, custody, or control.

19.     The Isley Defendants object to the Interrogatories' definition of "Reservoir" or Shukat Hafer & Herbsman LLP or any reference to a third-party to the extent that definition or reference purports to include any person or entity of which the Isley Defendants have no knowledge or that is not otherwise specifically identified within the definition.

20.     Any statement that the Isley Defendants will produce documents is not a representation that such documents exist or that responsive documents are within the Isley Defendants' possession, custody, or control. Any production of documents by the Isley Defendants is subject to these General Objections, as well as any specific objections to individual Interrogatories, and shall not constitute a waiver of any applicable objection or privilege.

21.     The Isley Defendants' investigation is continuing and, therefore, the Isley Defendants reserve the right to supplement or modify their responses and objections to the Interrogatories if and when they discover any additional responsive, non-privileged information adduced, disclosed, or developed through discovery or further investigation, as well as to assert additional general and specific objections not contained herein. The Isley Defendants do not hereby assume any responsibility to supplement these responses beyond that prescribed by the provisions of the Federal Rules of Civil Procedure and the Local Rules of this Court.

22.     The Isley Defendants' responses to the Interrogatories are made expressly without waiving or intending to waive, but rather preserving and intending to preserve, all objections as to the relevance, materiality, and admissibility as evidence for any purpose of the documents sought, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding, or investigation.

23.     The Isley Defendants are prepared to meet and confer with Plaintiff with respect to any of the objections or responses set forth below.

24.     The foregoing General Objections are incorporated by reference into each of the specific objections set forth below as if set forth in full therein. Subject to and without waiving such objections, the Isley Defendants respond to each of the Interrogatories as follows:

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

<u>**INTERROGATORY NO. 1**</u>

Identify each Person, document, and/or communication that the Isley Defendants may use or otherwise rely on in support of their defense to the allegations in the Amended Complaint in the above-referenced action.

<u>**RESPONSE:**</u>

The Isley Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of all persons that the Isley Defendants "may use or otherwise rely on" in support of their defenses, and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections. Subject to and without waiving the foregoing specific objections and the general objections, see the Isley Defendants' Initial Disclosures and any amendments thereto.

<u>**INTERROGATORY NO. 2**</u>

Identify each person likely to have knowledge or information concerning or relating to the Engagement Letters (as such term is defined in the Amended Complaint).

<u>**RESPONSE:**</u>

The Isley Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of "each person likely to have knowledge or information concerning or relating to the Engagement Letters" and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable legal privileges or protections. Subject to and

without waiving the foregoing specific objections and the general objections, see the Isley Defendants' Initial Disclosures and any amendments thereto.

**INTERROGATORY NO. 3**

Identify each person likely to have knowledge or information concerning or relating to the EMI Transaction (as such term is defined in the Amended Complaint).

**RESPONSE:**

The Isley Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of all persons "likely to have knowledge or information" relating to "the EMI Transaction", and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections. Subject to and without waiving the foregoing specific objections and the general objections, see the Isley Defendants' Initial Disclosures and any amendments thereto.

**INTERROGATORY NO. 4**

Identify each person likely to have knowledge or information concerning or relating to the Reservoir Transaction (as such term is defined in the Amended Complaint).

**RESPONSE:**

The Isley Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of all persons "likely to have knowledge or information" relating to "the Reservoir Transaction", and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections. Subject to and without waiving the foregoing specific

objections and the general objections, see the Isley Defendants' Initial Disclosures and any amendments thereto.

## INTERROGATORY NO. 5

Identify each person likely to have knowledge or information concerning or relating to the EMI Asset Sale Agreement (as such term is defined in the Amended Complaint).

## RESPONSE:

The Isley Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of all persons "likely to have knowledge or information" relating to "the EMI Asset Sale Agreement", and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections. Subject to and without waiving the foregoing specific objections and the general objections, see the Isley Defendants' Initial Disclosures and any amendments thereto.

## INTERROGATORY NO. 6

Identify each person likely to have knowledge or information concerning or relating to the Reservoir Asset Sale Agreement (as such term is defined in the Amended Complaint).

## RESPONSE:

The Isley Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of all persons "likely to have knowledge or information" relating to "the Reservoir Asset Sale Agreement", and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections. Subject to and without waiving the foregoing

specific objections and the general objections, see the Isley Defendants' Initial Disclosures and any amendments thereto.

**INTERROGATORY NO. 7**

Identify each person likely to have knowledge or information concerning or relating to the Isley Defendants', on the one hand, and Shukat Hafer & Herbsman LLP ("Shukat"), on the other hand.

**RESPONSE:**

The Isley Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of all persons "likely to have knowledge or information" relating to the Isley Defendants and Shukat Hafer & Herbsman LLP, and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections. Subject to and without waiving the foregoing specific objections and the general objections, see the Isley Defendants' Initial Disclosures and any amendments thereto.

**INTERROGATORY NO. 8**

Identify each person likely to have knowledge or information concerning or relating to any and all prospective and potential buyers of the Isley Defendants' Musical Assets. The term "Musical Assets" includes all of the Isley Defendants' right, title and interest in certain musical compositions and recordings of the Isley Defendants' songs as set forth in the Engagement Letters (as defined in the Amended Complaint), that were successfully securitized into the Pullman Bonds (as defined in the Amended Complaint).

**RESPONSE:**

The Isley Defendants object to this Interrogatory as overbroad, unduly burdensome, and

not proportional to the needs of the case insofar as it seeks identification of all persons "likely to have knowledge or information" relating to "all prospective and potential buyers of the Isley Defendants' Musical Assets" that were purportedly "securitized into the Pullman Bonds", and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections. Subject to and without waiving the foregoing specific objections and the general objections, see the Isley Defendants' Initial Disclosures and any amendments thereto.

**INTERROGATORY NO. 9**

Identify each person likely to have knowledge or information concerning or relating to any and all Persons that assisted the Isley Defendants regarding financings/asset sale(s) in connection and/ or concerning the Musical Assets.  The term "Musical Assets" includes all of the Isley Defendants' right, title and interest in certain musical compositions and recordings of the Isley Defendants' songs as set forth in the Engagement Letters (as defined in the Amended Complaint), that were successfully securitized into the Pullman Bonds (as defined in the Amended Complaint).

**RESPONSE:**

The Isley Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of all persons "likely to have knowledge or information" relating to "all Persons that assisted the Isley Defendants regarding financings/asset sale(s) in connection and/ or concerning the Musical Assets" that were purportedly "securitized into the Pullman Bonds", and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections. Subject to and without waiving the foregoing specific objections and the general objections, see the Isley Defendants' Initial Disclosures and any amendments thereto.

10

**INTERROGATORY NO. 10**

Identify each person likely to have knowledge or information concerning or relating to the Isley Defendants, on the one hand, and the following Persons, on the other hand:

      (i)      Plaintiff;

      (ii)     Reservoir Media Management, Inc. ("Reservoir");

      (iii)    EMI Music Publishing, Ltd. ("EMI");

      (iv)    Michael Frisch, Esq.;

      (v)     Jonas Herbson, Esq.;

      (vi)    Brian D. Caplan, Esq.;

      (vii)   Lisa Alter, Esq.;

      (viii)  Donald Zakarian, Esq.;

      (ix)    Allen Grubman, Esq.;

      (x)     Sony ATV;

**RESPONSE:**

The Isley Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of all persons "likely to have knowledge or information" relating to the Isley Defendants on one hand and other individuals and entities on the other, and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections.

**INTERROGATORY NO. 11**

Identify the location and general description of all documents upon which the Isley Defendants intend to rely in this lawsuit.

**RESPONSE:**

The Isley Defendants object to this Interrogatory on the ground set forth in the General Objections as incorporated herein by reference. The Isley Defendants further object to this Interrogatory on the ground that it is premature to the extent that the Isley Defendants have not determined which documents that they "intend to rely upon in this lawsuit." The Isley Defendants further object to this Interrogatory to the extent that it seeks documents and information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections.

**INTERROGATORY NO. 12**

Identify all steps the Isley Defendants have taken to preserve any Documents or other evidence, including, but not limited to, correspondence, documents or files, other data generated by and/or stored on any computer system (including information on laptop(s), desktop(s), PDA and mobile telephones, regardless of ownership) or other storage media (e.g., hard disks, floppy disks, backup tapes, thumb drives, etc.).

**RESPONSE:**

The Isley Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of "all steps" taken "to preserve "any Documents or other evidence," and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections. The Isley Defendants further object to this Interrogatory to the extent that it seeks information beyond the scope of Local Rule 33.3.

**INTERROGATORY NO. 13**

Identify each person whom the Isley Defendants expect to call as an expert witness at the

trial of this matter, and for each person set forth the following:

> (a)  Professional affiliation, educational background and qualifications;
>
> (b)  Each published book or article which the expert authored in whole or in part;
>
> (c)  The subject matter on which he/or she is expected to testify;
>
> (d)  The substance of the facts to which he/she is expected to testify;
>
> (e)  The substance of each opinion to which he/she is expected to testify; and
>
> (f)  Summary of the grounds of each opinion.

**RESPONSE:**

The Isley Defendants object to this Interrogatory on the ground set forth in the General Objections as incorporated herein by reference. The Isley Defendants further object to this Interrogatory on the grounds that it is premature to the extent that the Isley Defendants have not determined "whom the Isley Defendants expect to call as an expert witness at the trial of this matter." The Isley Defendants further object to this Interrogatory to the extent that it seeks information beyond the scope of Local Rule 33.3 and seeks documents and information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections.

**INTERROGATORY NO. 14**

Identify each person the Isley Defendants intend to call as a witness at the trial of this matter either in person, through deposition testimony, or through an affidavit.

**RESPONSE:**

The Isley Defendants object to this Interrogatory on the ground set forth in the General Objections as incorporated herein by reference. The Isley Defendants further object to this Interrogatory on the grounds that it is premature to the extent that the Isley Defendants have not

determined "each person the Isley Defendants intend to call as a witness at the trial of this matter." The Isley Defendants further object to this Interrogatory to the extent that it seeks information beyond the scope of Local Rule 33.3 and seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections.

## INTERROGATORY NO. 15

For each witness identified in the response to Interrogatory No. 14, provide the witness's full name and address.

## RESPONSE:

The Isley Defendants object to this Interrogatory on the ground set forth in the General Objections and Interrogatory No. 14, which the Isley Defendants incorporate herein by reference. The Isley Defendants further object to this Interrogatory on the grounds that it is premature to the extent that the Isley Defendants have not determined the identity of witnesses that the Isley Defendants intend to call at the trial of this matter. The Isley Defendants further object to this Interrogatory to the extent that it seeks information beyond the scope of Local Rule 33.3 and seeks documents and information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections.

## INTERROGATORY NO. 16

For each witness identified in the response to Interrogatory No. 14, provide the witness's relationship to you.

## RESPONSE:

The Isley Defendants object to this Interrogatory on the ground set forth in the General Objections and Interrogatory No. 14, which the Isley Defendants incorporate herein by reference. The Isley Defendants further object to this Interrogatory on the grounds that it is premature to the

extent that the Isley Defendants have not determined the identity of witnesses that the Isley Defendants intend to call at the trial of this matter. The Isley Defendants further object to this Interrogatory to the extent that it seeks information beyond the scope of Local Rule 33.3 and seeks documents and information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections.

**INTERROGATORY NO. 17**

For each witness identified in the response to Interrogatory No. 14, provide a summary of his or her expected testimony.

**RESPONSE:**

The Isley Defendants object to this Interrogatory on the ground set forth in the General Objections and Interrogatory No. 14, which the Isley Defendants incorporate herein by reference. The Isley Defendants further object to this Interrogatory on the grounds that it is premature to the extent that the Isley Defendants have not determined the identity of witnesses that the Isley Defendants intend to call at the trial of this matter. The Isley Defendants further object to this Interrogatory to the extent that it seeks information beyond the scope of Local Rule 33.3 and seeks documents and information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges or protections.

**INTERROGATORY NO. 18**

Identify all persons who provided information used, and all documents reviewed or referenced, in answering these interrogatories.

**RESPONSE:**

The Isley Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of all persons who

provided "information used" and all documents "reviewed or referenced" in answering these interrogatories. The Isley Defendants further object to this Interrogatory to the extent that it seeks information beyond the scope of Local Rule 33.3 and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or other applicable legal privileges or protections. Subject to and without waiving the foregoing specific objections and the general objections, the Isley Defendants respond as follows:

- Plaintiff The Pullman Group, LLC's Rule 26(a) Initial Disclosures dated November 17, 2020.

- Defendant Reservoir Media Management Inc.'s Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A) dated January 5, 2021.

- Isley Defendants' Initial Disclosures dated January 5, 2021.


Dated: March 1, 2021                    WILLS LAW FIRM, PLLC

                                        */s/ Rhonda H. Wills*
                                        Rhonda H. Wills
                                        New York Bar No. 5373295
                                        rwills@rwillslawfirm.com
                                        Wills Law Firm, PLLC
                                        1776 Yorktown, Suite 570
                                        Houston, Texas 77056
                                        Telephone: (713) 528-4455

                                        ATTORNEY FOR ISLEY DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, I served this document in accordance with the Federal Rules of Civil Procedure as described below upon the following persons:

*Via Email:*
Joshua Levin-Epstein
Jason Mizrahi
LEVIN-EPSTEIN & ASSOCIATES, P.C.
420 Lexington Avenue, Suite 2525
New York, NY 10170
Telephone: (212) 792-0046
Joshua@levinepstein.com
Jason@levinepstein.com

ATTORNEYS FOR PLAINTIFF

*Via Email:*
Barry I. Slotnick
Noah Weingarten
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4000
bslotnick@loeb.com
nweingarten@loeb.com

ATTORNEYS FOR DEFENDANT
RESERVOIR MEDIA MANAGEMENT, INC.

*/s/Rhonda H. Wills*
Rhonda H. Wills