# EXHIBIT K

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PULLMAN GROUP, LLC,<br><br>  Plaintiff,<br><br>  vs.<br><br>RONALD ISLEY, RUDOLPH ISLEY, RESERVOIR MEDIA MANAGEMENT, INC., THE ESTATE OF O'KELLY ISLEY, J.R., ISLEY BROTHERS, L.L.C., ISLEY BROTHERS ROYALTY VENTURE I SPC, INC., THREE BOYS MUSIC CORPORATION, BOVINA MUSIC INC., T-NECK RECORDS, INC., TRIPLE THREE MUSIC, INC. AND JOHN DOE CORPORATIONS 1-5,<br><br>  Defendants. | Civil Action No. 1:20-cv-07293-GHW<br><br>Honorable Gregory H. Woods |

## ISLEY DEFENDANTS' AMENDED AND SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE ISLEY DEFENDANTS

Defendants Ronald Isley, Rudolph Isley, The Estate of O'Kelly Isley, Jr., Isley Brothers, L.L.C., Isley Brothers Royalty Venture I SPC, Inc., Three Boys Music Corporation, Bovina Music Inc., T-Neck Records, Inc., and Triple Three Music, Inc. (collectively, "the Isleys" or "Isley Defendants" or "Defendants") serve these Amended and Second Supplemental Responses and Objections to Plaintiff The Pullman Group, LLC's First Request for the Production of Documents as follows:

1

## RESPONSES AND OBJECTIONS

**DOCUMENT REQUEST NO. 1**

All documents and communications concerning in any way to Plaintiff's above-captioned Action.

**RESPONSE:**

The Isley Defendants refer Plaintiff to the documents produced simultaneously herewith, which are Bates-labeled ISLEY00001 through ISLEY01035. The Isley Defendants are in possession of further responsive documents, which are subject to the attorney-client privilege, the work-product privilege, and the settlement negotiations privilege. The Isley Defendants refer Plaintiff to the Isley Defendants' Privilege Log produced simultaneously herewith, including Privilege Log Nos. 1-8. The Isley Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within their possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 2**

All documents and communications concerning in any way to the Isley Defendants' defenses in the above-captioned Action.

**RESPONSE:**

The Isley Defendants refer Plaintiff to the documents produced simultaneously herewith, which are Bates-labeled ISLEY00001 through ISLEY01035. Further, the Isley Defendants intend to potentially use any and all documents produced by any party in this matter. The Isley Defendants are in possession of further responsive documents, which are subject to the attorney-client privilege, the work-product privilege, and the settlement negotiations privilege. The Isley Defendants refer Plaintiff to the Isley Defendants' Privilege Log produced simultaneously

herewith, including Privilege Log Nos. 1-8. The Isley Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within their possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 3**

All documents and communications concerning any of the events concerning or relating to Plaintiff's above-captioned Action, by, among, and between the Isley Defendants, on the one hand, and the following Persons, on the other hand:

(i) Plaintiff;

(ii) Reservoir Media Management, Inc. ("Reservoir");

(iii) EMI Music Publishing, Ltd. ("EMI");

(iv) Shukat Arrow Hafer & Herbsman LLP ("Shukat"), including but not limited to, Michael Frisch, Esq., and Jonas Herbson, Esq;

(v) Brian D. Caplan, Esq.;

(vi) Lisa Alter, Esq.;

(vii) Donald Zakarian, Esq.;

(viii) Allen Grubman, Esq.;

(ix) Sony ATV;

(x) Any and all prospective and potential buyers of the Isley Defendants Musical Assets. The term "Musical Assets" includes all of the Isley Defendants' right, title and interest in certain musical compositions and recordings of the Isley Defendants' songs as set forth in the Engagement Letters (as defined in the Complaint), that were successfully securitized into the Pullman Bonds (as defined in the Complaint);

3

  (xi) Any and all Persons that assisted the Isley Defendants regarding financings/asset sale(s) in connection and/ or concerning the Musical Assets; and

  (xii) Any and all Persons that assisted the Isley Defendants regarding and/ or concerning any of the activities listed in the Engagement Letters (as defined in the Complaint).

**RESPONSE:**

The Isley Defendants refer Plaintiff to the documents produced simultaneously herewith, which are Bates-labeled ISLEY00001 through ISLEY01035. The Isley Defendants are in possession of further responsive documents, which are subject to the attorney-client privilege, the work-product privilege, and the settlement negotiations privilege. The Isley Defendants refer Plaintiff to the Isley Defendants' Privilege Log produced simultaneously herewith, including Privilege Log Nos. 1-8. The Isley Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within their possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 4**

All documents and communications concerning any of the events concerning or relating to the following:

  (i) The Engagement Letters (as defined in the Complaint);

  (ii) EMI Transaction (as defined in the Complaint);

  (iii) EMI Asset Sale Agreement (as defined in the complaint);

  (iv) Reservoir Transaction (as defined in the Complaint); and

  (v) Reservoir Asset Sale Agreement (as defined in the Complaint).

**RESPONSE:**

The Isley Defendants refer Plaintiff to the documents produced simultaneously herewith, which are Bates-labeled ISLEY00001 through ISLEY01035. The Isley Defendants are in possession of further responsive documents, which are subject to the attorney-client privilege, the work-product privilege, and the settlement negotiations privilege. The Isley Defendants refer Plaintiff to the Isley Defendants' Privilege Log produced simultaneously herewith, including Privilege Log Nos. 1-8. The Isley Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within their possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 5**

All documents and communications concerning any of the events concerning or relating to the Isley Defendants relationship with Shukat Hafer & Herbsman LLP ("Shukat"), including but not limited to, engagement agreement(s) (including metadata), invoices, and payment receipts documents prepared, developed, or reviewed by Shukat.

**RESPONSE:**

The Isley Defendants refer Plaintiff to the documents produced simultaneously herewith, which are Bates-labeled ISLEY00001 through ISLEY01035. The Isley Defendants are in possession of further responsive documents, which are subject to the attorney-client privilege, the work-product privilege, and the settlement negotiations privilege. The Isley Defendants refer Plaintiff to the Isley Defendants' Privilege Log produced simultaneously herewith, including Privilege Log Nos. 1-7.  The Isley Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within their possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 6**

All documents that are or relate to any communication between you and any person (other than your attorney), entity, or federal, state, or local agency relating to the allegations in the Complaint.

**RESPONSE:**

The Isley Defendants refer Plaintiff to the documents produced simultaneously herewith, which are Bates-labeled ISLEY00001 through ISLEY01035. The Isley Defendants are in possession of further responsive documents, which are subject to the attorney-client privilege, the work-product privilege, and the settlement negotiations privilege. The Isley Defendants refer Plaintiff to the Isley Defendants' Privilege Log produced simultaneously herewith, including Privilege Log Nos. 1-8. The Isley Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within their possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 7**

Documents you obtained from any person relating to the allegations in the Complaint, including but not limited to any written statements, affidavits, declarations, notes, or sworn testimony.

**RESPONSE:**

To date, the Isley Defendants have not obtained any written statements, affidavits, declarations, notes, or sworn testimony relating to the allegations in the Complaint. Otherwise, the Isley Defendants refer Plaintiff to the documents produced simultaneously herewith, which are Bates-labeled ISLEY00001 through ISLEY01035. The Isley Defendants are in possession of further responsive documents, which are subject to the attorney-client privilege, the work-product

privilege, and the settlement negotiations privilege. The Isley Defendants refer Plaintiff to the Isley Defendants' Privilege Log produced simultaneously herewith, including Privilege Log Nos. 1-8. The Isley Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within their possession, custody, or control and capable of being ascertained with reasonable diligence

**DOCUMENT REQUEST NO. 8**

Documents that are or relate to any social networking or other websites, texting or instant messaging (IM) platforms, or email accounts by which you shared, posted, requested, solicited, or exchanged information relating to any of the allegations in the Complaint.

**RESPONSE:**

The Isley Defendants refer Plaintiff to the documents produced simultaneously herewith, which are Bates-labeled ISLEY00054 through ISLEY00138. The Isley Defendants are in possession of further responsive documents, which are subject to the attorney-client privilege, the work-product privilege, and the settlement negotiations privilege. The Isley Defendants refer Plaintiff to the Isley Defendants' Privilege Log produced simultaneously herewith, including Privilege Log Nos. 3-6. The Isley Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within their possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 9**

Documents evidencing any academic degrees, professional licenses, and/or certifications you have earned, including without limitation, any securities licenses.

**RESPONSE:**

None.

**DOCUMENT REQUEST NO. 10**

All documents you intend to use as exhibits in this case.

**RESPONSE:**

The Isley Defendants refer Plaintiff to the documents produced simultaneously herewith, which are Bates-labeled ISLEY00001 through ISLEY01035. Further, the Isley Defendants intend to potentially use any and all documents produced by any party in this matter. The Isley Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within their possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 11**

To the extent not requested above, documents relating to any of the defenses to the allegations contained in the Complaint.

**RESPONSE:**

The Isley Defendants refer Plaintiff to the documents produced simultaneously herewith, which are Bates-labeled ISLEY00001 through ISLEY01035. Further, the Isley Defendants intend to potentially use any and all documents produced by any party in this matter. The Isley Defendants are in possession of further responsive documents, which are subject to the attorney-client privilege, the work-product privilege, and the settlement negotiations privilege. The Isley Defendants refer Plaintiff to the Isley Defendants' Privilege Log produced simultaneously herewith, including Privilege Log Nos. 1-8. The Isley Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within their possession, custody, or control and capable of being ascertained with reasonable diligence.

| | |
|---|---|
| Dated: March 18, 2021 | WILLS LAW FIRM, PLLC |
| | |
| | */s/ Rhonda H. Wills* |
| | Rhonda H. Wills |
| | New York Bar No. 5373295 |
| | rwills@rwillslawfirm.com |
| | Wills Law Firm, PLLC |
| | 1776 Yorktown, Suite 570 |
| | Houston, Texas 77056 |
| | Telephone: (713) 528-4455 |
| | |
| | ATTORNEY FOR ISLEY DEFENDANTS |

9

## CERTIFICATE OF SERVICE

    I hereby certify that on March 18, 2021, I served this document in accordance with the Federal Rules of Civil Procedure as described below upon the following persons:

*Via Email:*
Joshua Levin-Epstein
Jason Mizrahi
LEVIN-EPSTEIN & ASSOCIATES, P.C.
420 Lexington Avenue, Suite 2525
New York, NY 10170
Telephone: (212) 792-0046
Joshua@levinepstein.com
Jason@levinepstein.com

ATTORNEYS FOR PLAINTIFF

*Via Email:*
Barry I. Slotnick
Noah Weingarten
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4000
bslotnick@loeb.com
nweingarten@loeb.com

ATTORNEYS FOR DEFENDANT
RESERVOIR MEDIA MANAGEMENT, INC.

                                              */s/Rhonda H. Wills*
                                              Rhonda H. Wills