

1776 Yorktown Street, Suite 570 • Houston, TX 77056
(p) 713.528.4455 • (f) 713.528.2047

March 23, 2021

*VIA ECF*
Hon. Gregory H. Woods
United States District Court

   Re: *The Pullman Group, LLC v. Ronald Isley, et al.*; Case No. 1:20-cv-07293-GHW

Dear Judge Woods:

  We represent Defendants Ronald Isley, Rudolph Isley, The Estate of O'Kelly Isley, Jr., Isley Brothers, L.L.C., Isley Brothers Royalty Venture I SPC, Inc., Three Boys Music Corporation, Bovina Music Inc., T-Neck Records, Inc., and Triple Three Music, Inc. ("the Isley Defendants") in this matter. Pursuant to Rule 2(C)(i) of your Individual Rules of Practice in Civil Cases, we respectfully submit this pre-answer request for a pre-motion conference on an issue that may appropriately be the subject of an additional Rule 12(b)(6) Motion to Dismiss—namely, a **Bankruptcy Court Order and settlement agreement that may render the Engagement Letters void, invalid and unenforceable**.

  This breach of contract case is based on seven identical Engagement Letters each dated July 20, 1999 ("Engagement Letters").[1] Plaintiff The Pullman Group, LLC ("Plaintiff") alleges that the Isley Defendants breached the Engagement Letters (paragraphs 2 and 7) by negotiating a sale of their music assets to EMI in 2017 and to Defendant Reservoir Media Management, Inc. ("Reservoir") in 2018 without paying a commission to Plaintiff.[2] Plaintiff has sued the Isley Defendants for breach of contract based solely on the Engagement Letters and Reservoir and some of the Isley Defendants for tortious interference with the Engagement Letters, and seeks to foreclose on a purported contractual lien in the Engagement Letters.

  Defendant Ronald Isley filed for bankruptcy on <u>April 2, 1997</u> in the U.S. Bankruptcy Court for the Central District of California in Los Angeles ("Bankruptcy Court").[3] While the bankruptcy was pending, Plaintiff entered into the Engagement Letters with some of the Isley Defendants on <u>July 20, 1999</u>.[4] The subject of the Engagement Letters were the Isley Brothers' music publishing and music catalog ("music assets"), which were under the control of the Bankruptcy Court at the time that the parties entered into the Engagement Letters.

**Bankruptcy Court Order**

  On <u>March 23, 2000</u>, the Bankruptcy Court entered an Order [Dkt. 437], approving a transfer of the music assets to Plaintiff and its affiliate, Structure Asset Sales, LLC ("SAS") "free and clear of liens, claims and encumbrances," and approving a settlement agreement between Plaintiff, SAS, Defendants Ronald Isley, Rudolph Isley, Bovina Music, Inc., Triple Three Music, Inc., Three Boys Music, Inc., the Estate of O'Kelly Isley, along with Howard Ehrenberg, the bankruptcy estate trustee, and others ("Settlement Agreement"). The Bankruptcy Court Order

---

[1] The seven identical Engagement Letters are attached to the First Amended Complaint ("FAC") as Exhibits A1-A7 and are between Plaintiff and seven of the Isley Defendants: Ronald Isley, Rudolph Isley, The Estate of O'Kelly Isley, Jr., Three Boys Music Corporation, Bovina Music Inc., T-Neck Records, Inc., and Triple Three Music, Inc.
[2] FAC at ¶¶ 1-3.
[3] U.S Bankruptcy Court for the Central District of California (Los Angeles) in Case No. 2:97-bk-22489-BR.
[4] Engagement Letters, FAC at Exs. A1-A7.

allowed Plaintiff to structure a securitization/bond transaction for the issuance of bonds that were secured by the Isley Defendants' music assets.

In the Bankruptcy Court's <u>Amended and Restated Order Granting Motion for Order Approving (1) Sale of Assets Free and Clear of Liens, Claims and Encumbrances and (2) Compromise of Controversies</u> [Dkt. 437], the Court specifically held that the music assets were being transferred:

> "*<u>free and clear of</u>* liens, *<u>claims</u>*, charges, *<u>pledges</u>*, litigations, *<u>interests</u>*, *<u>encumbrances of any kind</u>* whether or not the holder thereof is a person, entity, or governmental unit…."[5]

*Id*. at ¶g (Ex. 2) (emphasis added). Further, in the heading and title of its Order, the Bankruptcy Court made clear that the assets were being transferred "free and clear of liens, claims and encumbrances." *Id*. at p. 1.

The Bankruptcy Court Order also approved the terms of the Settlement Agreement to which Plaintiff was a party and signatory. The terms of the Settlement Agreement likewise made clear that the parties agreed that the music assets were being transferred to the bond transaction "free and clear" of all "claims," "pledges," "interests" and "encumbrances of any kind." *See* Settlement Agreement at ¶¶ 14, 21(g). The parties also agreed in the Settlement Agreement to a release "of all claims known and unknown other than the rights or obligations under this [Settlement] Agreement." *Id*. at ¶ 18. Further, the Settlement Agreement also provides that "the Bankruptcy Court shall have and retain sole and exclusive jurisdiction to enforce and adjudicate any dispute between the parties hereto regarding this Agreement." *Id*. at p. 1.

Accordingly, the Bankruptcy Court Order and Settlement Agreement disposed of all then-existing obligations and "encumbrances of any kind" with respect to the music assets at issue here, including the July 20, 1999 Engagement Letters. This matter should be dismissed because the Engagement Letters are void, invalid and/or unenforceable.

We request judicial notice of the Bankruptcy Court's Order, which is in the public record through CM/ECF. Further, upon information and belief, the Settlement Agreement was also filed with the Bankruptcy Court. We have a copy of both the Bankruptcy Court's Order and the Settlement Agreement, which we can provide to this Honorable Court for the Court's convenience.

For all the foregoing reasons, we respectfully request a pre-motion conference for a Rule 12(b)(6) Motion to Dismiss, and that the Court dismiss this matter in its entirety.

                Respectfully submitted,
                */s/ Rhonda H. Wills*
cc: Counsel of Record (Via ECF)    WILLS LAW FIRM, PLLC

---

[5] There were three specific carve-outs to the blanket "free and clear" transfer, but only with respect to the Bolton Judgment, a yacht, and the Long John Silvers Judgment. There was no mention whatsoever of excluding the Engagement Letters from the broad ruling that the assets were being transferred "free and clear" of all "encumbrances of any kind." *See* Bankruptcy Court Order at ¶g [Dkt. 437].