UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE PULLMAN GROUP, LLC,

     Plaintiff,

        vs.

RONALD ISLEY, RUDOLPH ISLEY,
RESERVOIR MEDIA MANAGEMENT,
INC., THE ESTATE OF O'KELLY
ISLEY, J.R., ISLEY BROTHERS, L.L.C.,
ISLEY BROTHERS ROYALTY
VENTURE I SPC, INC., THREE BOYS
MUSIC CORPORATION, BOVINA
MUSIC INC., T-NECK RECORDS, INC.,
TRIPLE THREE MUSIC, INC. AND
JOHN DOE CORPORATIONS 1-5,

     Defendants.

Civil Action No. 1:20-cv-07293-GHW

Honorable Gregory H. Woods

**ISLEY DEFENDANTS' RESPONSE IN OPPOSITION TO
THE PULLMAN GROUP, LLC'S MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. P. 26(g)(3) AND 37(c)(1) AND MOTION TO COMPEL**

## <u>TABLE OF CONTENTS</u>

I.      BACKGROUND ................................................................................................... 1

II.     ARGUMENT AND AUTHORITIES ................................................................... 5

        A.      Plaintiff's Motion with Respect to the Isley Defendants' Document Production
                Should Be Denied. ................................................................................... 7

                1.      Plaintiff's Motion with Respect to Shukat Files Should Be Denied........... 7

                        a.      The Isley Defendants Do Not Have Possession, Custody or Control
                                Over the Shukat Law Firm's Documents and Files. ...................... 7

                        b.      Under Second Circuit Precedent, the Isley Defendants Are Not
                                Obliged to Produce, at the Risk of Sanctions, Documents that They
                                Do Not Possess and Cannot Obtain. ............................................ 10

                2.      Plaintiff's Motion with Respect to Geffen Documents Should Be Denied.
                        ................................................................................................... 12

        B.      Plaintiff's Motion with Respect to the Isley Defendants' Interrogatory Responses
                Should Be Denied. ................................................................................. 13

                1.      No Leave Was Given Nor Was Leave Requested on a Motion to Compel
                        Interrogatory Responses........................................................................ 14

                2.      Plaintiff's Pleadings and Discovery Requests in No Way Mention a
                        'Finder's Fee' or Any of the Disputed Individuals That Plaintiff Alleges
                        The Isley Defendants Should Have Identified in Their Interrogatory
                        Responses................................................................................................ 15

        C.      Plaintiff's Motion for Sanctions Should Be Denied. ........................................... 18

                1.      Legal Standard. ...................................................................................... 18

                2.      The Isley Defendants Complied with this Honorable Court's Order. ...... 19

                3.      Sanctions Are Not Merited Here Under Rule 26(g)(3) and 37(c)(1)........ 19

III.    CONCLUSION.................................................................................................... 23

# TABLE OF AUTHORITIES

**CASES**

*Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*,
    171 F.R.D. 135 (S.D.N.Y. 1997) ........................................................................... 8

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) ................................................................................................ 19

*Dietrich v. Bauer*,
    No. 95 CIV. 7051, 2000 WL 1171132 (S.D.N.Y. Aug. 16, 2000), *on reconsideration in
    part*, 198 F.R.D. 397 (S.D.N.Y. 2001) ................................................................. 9

*In re Teligent, Inc.*,
    358 B.R. 45 (Bankr. S.D.N.Y. 2006) .................................................................... 8

*Int'l Techs. Mktg. v. Verint Sys.*,
    157 F. Supp. 3d 352 (S.D.N.Y. 2016)............................................................. 17, 22

*Northeast Gen. Corp. v. Wellington Advert., Inc.*,
    82 N.Y.2d 158, 624 N.E.2d 129, 604 N.Y.S.2d 1 (N.Y. 1993) ................................ 17, 22

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*,
    490 F.3d 130 (2d Cir. 2007)......................................................................... passim

*Tiffany (NJ) LLC v. Qi Andrew*,
    276 F.R.D. 143 (S.D.N.Y. 2011) .......................................................................... 8

*Vacco v. Harrah's Operating Co.*,
    No. 1:07-CV-0663 (TJM/DEP), 2008 U.S. Dist. LEXIS 88158 (N.D.N.Y. Oct. 29, 2008)
    ............................................................................................................................... 8

*Yukos Capital S.A.R.L. v. Feldman*,
    977 F.3d 216 (2d Cir. 2020)................................................................................. 19


**RULES**

Fed. R. Civ. P. 26(g)(3)................................................................................................ 21

Fed. R. Civ. P. 34(a) .................................................................................................. 10

Fed. R. Civ. P. 34(a)(1)................................................................................................ 8

Fed. R. Civ. P. 37(a)(5)(A) .......................................................................................... 22

Fed. R. Civ. P. 37(a)(5)(A)(iii) .................................................................................................... 23

Fed. R. Civ. P. 37(a)(5)(B) ......................................................................................................... 21

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Ronald Isley, Rudolph Isley, The Estate of O'Kelly Isley, Jr., Isley Brothers, L.L.C., Isley Brothers Royalty Venture I SPC, Inc., Three Boys Music Corporation, Bovina Music Inc., T-Neck Records, Inc., and Triple Three Music, Inc. (collectively, "the Isley Defendants") file this Response in Opposition to the Motion for Sanctions and Motion to Compel [Dkt. 72] filed by Plaintiff The Pullman Group, LLC ("Plaintiff") and respectfully show as follows:

## I.     BACKGROUND

The pre-motion letter dated March 10, 2021 submitted by Plaintiff requested relief from this Honorable Court on two matters. [Dkt. 66] (Ex. 1).  First, Plaintiff requested that "the Court permit Plaintiff to serve interrogatories and notices to admit on defendant Rudolph Isley" in lieu of a deposition due to Mr. Isley's health condition.  *Id*. at p. 1. Second, Plaintiff stated that "[t]his letter also serves as a request for a pre-motion conference on Plaintiff's contemplated motion to compel the Isley Defendants to produce responsive documents to Plaintiff's First Request for the Production of Documents," noting that the letter was an attempt "to simply obtain responsive documents from the Isley Defendants." *Id*. at p. 1.

On March 17, 2021, this Honorable Court held a pre-motion teleconference with respect to Plaintiff's March 10 pre-motion letter.  During the hearing, the Isley Defendants requested an opportunity to review their objections to Plaintiff's First Request for the Production of Documents and produce documents and a privilege log by the following day, March 18.[1]  The Court permitted the Isley Defendants to supplement their responses to Plaintiff's document requests and provide documents and a privilege log by the following day, March 18. Specifically, the Court's Order following the pre-motion teleconference provides as follows:

---

[1] The Court further granted Plaintiff's request to serve special interrogatories on Defendant Rudolph Isley by March 26, 2021.

> On March 17, 2021, the Court held a teleconference with the parties in which it discussed the issues raised in Plaintiff's letter of March 10, 2021. Dkt. No. 66. In response to Plaintiff's anticipated motion to compel, the Isley Defendants represented that they could serve supplemental discovery responses by March 18, 2021. The Isley Defendants are directed to serve such responses by that date. ***If Plaintiff still wishes to file a motion to compel after review of the Isley Defendants' supplemental responses, Plaintiff <u>may file that motion</u> without first filing a pre-motion letter***. Additionally, for the reasons stated on the record, Plaintiff's request to propound additional interrogatories to Mr. Rudolph Isley is granted. Plaintiff is directed to serve the interrogatories by March 26, 2021; Mr. Isley is directed to respond to the interrogatories no later than fourteen days after service.

Order [Dkt. 71] (emphasis added) (Ex. 2).

In compliance with this Honorable Court's Order, on March 18, 2021 the Isley Defendants: (a) served Plaintiff with their supplemental responses to Plaintiff's First Request for Production of Documents, in which they assert <u>no objections</u> to any of the requests (Ex. 3); (b) provided a privilege log with respect to any documents being withheld pursuant to a privilege; and (c) produced 1,035 pages of documents.

Notwithstanding the Isley Defendants' supplemental responses to Plaintiff's First Request for the Production of Documents and production of over a thousand pages of documents and a privilege log with respect to withheld documents, Plaintiff filed a Motion for Sanctions and Motion to Compel on March 22, 2021.  The crux of the basis for Plaintiff's motion appears to be two-fold: (1) Plaintiff is under the incorrect assumption that the Isley Defendants have control over the documents of their attorneys, Shukat,[2] which they do not; and (2) Plaintiff moved to compel responses to <u>Plaintiff's First Set of Interrogatories</u>, which was not a subject of Plaintiff's March 10 pre-motion letter, and no leave of Court was ever requested or granted regarding a motion to

---

[2] The term "Shukat" as used herein shall mean the law firm of Shukat Arrow Hafer Weber & Herbsman LLP (now Herbsman Hafer Weber & Frisch LLP, including partners Jonas Herbsman and Michael Frisch).

compel the Isley Defendants to supplement their responses to Plaintiff's First Set of Interrogatories.  The Isley Defendants nevertheless on March 19 provided contact information immediately upon Plaintiff's counsel's request regarding one of the individuals at issue and supplemented both their Rule 26 disclosures and interrogatory responses on March 22, in which they asserted no objections to any interrogatory. (Exs. 10, 11).

The Isley Defendants do not have control over the documents and files of their attorneys, Shukat Arrow Hafer Weber & Herbsman LLP (n/k/a Herbsman Hafer Weber & Frisch LLP), including partners Jonas Herbsman and Michael Frisch (hereafter "Shukat").  Despite the Isley Defendants' requests for Shukat's files, the law firm is refusing to provide the documents to the Isley Defendants because there is a dispute between Shukat and the Isley Defendants regarding outstanding amounts that have been billed by the firm in legal fees.[3]  As made clear by Shukat's attorney in a recent letter to counsel for the Isley Defendants, Shukat's documents are not within the control of the Isley Defendants.

> "I also see there is a newly filed motion by plaintiff in which Shukat is discussed, directed at your clients' discovery responses. ***Plaintiff's motion indicates that they are under an important misapprehension about Shukat's files.  <u>The Shukat files are not under your clients' control.</u>***   There are outstanding past due invoices in the amount of $38,563.64 as of February 10, 2021. . . . Under settled New York and Second Circuit law retaining liens are enforced in discovery and other contexts.  In fact, "[i]t is only where there is no outstanding claim for unpaid legal fees that a client 'presumptively' has access to its file[.]"  *Law Firm* of *Ravi Batra, P.C. v. Rabinowich*, 77 A.D.3d 532, 533 (1st Dept. 2010) (citing *Matter of Sage Realty Corp. v. Proskauer Rose Goetz & Mendelson L.L.P.*, 91 N.Y.2d 30, 34 (1997). Even then, established exceptions to the right of access have been recognized by our state and federal courts."

---

[3] Wills Decl. at ¶ 3.

Letter from Douglas Capuder, Esq. (Shukat's Counsel) to Rhonda H. Wills, Esq. (Isley Defendants' Counsel), 3/23/2021 (Ex. 4) (emphasis added).

While the undersigned counsel is continuing to work in good faith with Shukat's attorney in an attempt to resolve the dispute between Shukat and the Isley Defendants regarding the contested fee bills, to date the matter has not been resolved.[4]  Shukat has refused and continues to refuse to provide the firm's documents to the Isley Defendants.[5]  Accordingly, Shukat's documents are not within the control of the Isley Defendants.

Moreover, Plaintiff argues that it is entitled to attorney's fees and costs because the Isley Defendants did not identify in their interrogatory responses four individuals—namely, Matt Finkelstein, Ross Charap, Jeremy Geffen and Courtney Barnes.  Plaintiff contends in its Motion that these persons received a "finder's fee" or "consulting fee" from Reservoir with respect to the Isley Defendants' asset sale.  However, there are no allegations in Plaintiff's complaint or discovery requests regarding a "finder's fee or consulting fee" or mentioning any of these individuals.  Plaintiff's complaint is very specific and detailed and alleges that "Michael Frisch and Jonas Herbson of Shukat and the Shukat firm specifically rendered brokerage and/or agency services for the Isley Brothers in connection with the EMI Transaction and the Reservoir Transaction and/or the Isley Brothers' Musical Assets."  Plaintiff's First Amended Complaint ("FAC") at ¶57.

Further, the Isley Defendants' counsel continues to work cooperatively in this matter with respect to discovery. For example, counsel for the Isley Defendants took the lead to draft an agreed protective order and to work with all counsel to reach an agreement on the same.  Likewise, the

---

[4] *See* Wills Decl. at ¶ 4.
[5] Wills Decl. at ¶ 5. Shukat did provide a fee agreement with Ronald Isley and a fee agreement with Rudolph Isley, which the Isley Defendants produced after making a privilege analysis.  However, the Isley Defendants withheld from production a fee agreement with Shukat and the Isley Defendants in which Shukat was engaged to represent the Isley Defendants with respect to the current dispute with Plaintiff.  The fee agreement contained privileged information, and the Isley Defendants included this on their privilege log.  See Ex. 5.

Isley Defendants' counsel conferred with and worked with all counsel to reach an agreement on a motion to continue deadlines in this matter. Counsel for the Isley Defendants also took the lead to draft protocols for remote depositions and are currently working collaboratively with all counsel to reach an agreement on protocols to submit to the Court. Counsel for the Isley Defendants also took the lead to draft an electronic service agreement, which the parties agreed to on February 9, 2021.[6]

For these reasons and as set forth in detail below, the Isley Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Sanctions and Motion to Compel.

## II.    ARGUMENT AND AUTHORITIES

Plaintiff states in its Notice of Motion [Dkt. 72] and Memorandum of Law [Dkt. 73] that it seeks an order:

> "(i)    awarding attorneys' fees, costs, and sanctions against the Isley Defendants, and their counsel, pursuant to Federal Rules of Civil Procedure 26(g)(3) and 37(c)(1);
>
> (ii)    compelling the Isley Defendants to produce documents concerning non-party witnesses Shukat and Geffen, and
>
> (iii)    compelling the Isley Defendants to supplement their responses to Plaintiff's interrogatories."[7]

As discussed below, Plaintiff's requested relief should be denied. With respect to the document requests, the Shukat documents are not within the control of the Isley Defendants. Pursuant to Second Circuit precedent, the Isley Defendants are not obliged to produce documents from a third-party for which they do not have possession, custody or control. Likewise, in

---

[6] Plaintiff's Motion to Compel misstates several times that Plaintiff served its First Request for the Production of Documents to the Isley Defendants on December 22, 2020, but that is not the case. Plaintiff's First Request for the Production of Documents to the Isley Defendants and Plaintiff's First Set of Interrogatories to the Isley Defendants were served on January 26, 2021 via U.S. mail. (Ex. 6), and the Isley Defendants' discovery responses were not due until March 1, 2021. The parties did not reach an agreement regarding electronic service until February 9, 2021.
[7] Plaintiff's Mem. of Law at p. 1.

Plaintiff's First Request for the Production of Documents, Plaintiff did not request any documents relating to Jeremy Geffen, who died in 2018.  Notwithstanding the fact that such documents were never requested, the Isley Defendants do not have any documents in their possession, custody or control between the Isley Defendants and Mr. Geffen.

The Isley Defendants have continued to supplement their interrogatory responses in accordance with the Federal Rules of Civil Procedure.[8]  There are four non-party persons that Plaintiff complains that the Isley Defendants did not identify in their interrogatory responses, each of whom Plaintiff asserts "sought a finders' fee and/or consultancy fee in connection with the Reservoir Transaction."[9]   However, there was never any mention of a "finder's fee" or "consultancy fee" in Plaintiff's Original Complaint or First Amended Complaint ("FAC"). Further, none of these individuals were ever mentioned or identified in Plaintiff's complaint, in any interrogatory or in any request for documents.  It was only on March 19, 2021 that Plaintiff's counsel asked for contact information for one of these individuals. The Isley Defendants' counsel provided the requested contact information immediately on the same day, and the Isley Defendants supplemented their Interrogatory Responses and Rule 26 Disclosures the following business day, on March 22.   (Exs. 10, 11).  Accordingly, Plaintiff's motion to compel documents and interrogatory responses should be denied.  Under these circumstances, sanctions and an award of attorney's fees should likewise be denied.

---

[8] Fed. R. Civ. P. 26(e)(1) ("*In General.*  A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.").

[9] Plaintiff's Mem. of Law at p. 2.

**A.   Plaintiff's Motion with Respect to the Isley Defendants' Document Production Should Be Denied.**

As discussed below, Plaintiff's motion to compel production of documents relating to non-parties—Shukat and Mr. Geffen—should be denied.  Further, the request for sanctions should likewise be denied under the circumstances here.

**1.   Plaintiff's Motion with Respect to Shukat Files Should Be Denied.**

**a.   The Isley Defendants Do Not Have Possession, Custody or Control Over the Shukat Law Firm's Documents and Files.**

Plaintiff argues that the Isley Defendants should be subjected to sanctions and compelled to obtain and produce documents from their long-standing law firm—Shukat, a non-party to this action.  Specifically, Plaintiff argues in its Memorandum of Law that it seeks a motion to compel and sanctions related to the non-production of Shukat's documents and a privilege log concerning Shukat's documents:

> "As set forth more fully below, as of the date of this Motion, the ***Isley Defendants have not made a meaningful production, nor provided a meaning privilege log concerning documents in the Isley Defendants' control with respect to <u>Shukat's possession</u>*** of relevant, non-privileged documents."[10]

> "Contemporaneously with the Isley Defendants' service of the Isley Defendants' Second Supplemental Responses, the Isley Defendants served 1,035 pages of documents . . . . The majority of those documents consisted of agreements and contracts. ***The fundamental problem with the Isley Defendants' production is that there is not a meaningful production of <u>documents from the Shukat firm</u>, nor a meaningful privilege log***."[11]

Because the Isley Defendants are not in "control" of Shukat's documents, they cannot produce the documents in Shukat's possession or provide a privilege log with respect to those documents.

---

[10] Plaintiff's Mem. of Law at p. 4.
[11] Plaintiff's Mem. of Law at p. 8.

Document discovery requests are governed by Rule 34 of the Federal Rules of Civil Procedure, which allows a party to request the production of documents which are in the "possession, custody, or control" of the party upon which the request is served. Fed. R. Civ. P. 34(a)(1). "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 147-48 (S.D.N.Y. 2011).

A party has "control" over documents held by a non-party if it "has the legal right or practical ability to obtain documents from [that] non-party . . . ." *In re Teligent, Inc.*, 358 B.R. 45, 60 (Bankr. S.D.N.Y. 2006); *see also Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997). The question of a party's control over documents possessed by a non-party is inherently fact specific. *Vacco v. Harrah's Operating Co*., No. 1:07-CV-0663 (TJM/DEP), 2008 U.S. Dist. LEXIS 88158, at *30-32 (N.D.N.Y. Oct. 29, 2008). "An important factor to be considered is the very practical consideration of the ability of the party from whom the documents are sought to obtain them on demand from the non-party in possession of them." *Id.* at *32.

The party seeking discovery bears the burden of showing that the other party has control over the documents sought. *Dietrich v. Bauer*, No. 95 CIV. 7051, 2000 WL 1171132, at *4 (S.D.N.Y. Aug. 16, 2000), *on reconsideration in part*, 198 F.R.D. 397 (S.D.N.Y. 2001); *Huang v. iTV Media, Inc.*, No. 13-CV-3439 (JFB)(SIL), 2017 U.S. Dist. LEXIS 24860, at *11-12 (E.D.N.Y. 2017); *Vacco*, 2008 U.S. Dist. LEXIS 88158, at *31. Here, Plaintiff has not met its burden of showing that the Isley Defendants have control over the documents sought from Shukat.

In fact, Shukat's documents are not within the control of the Isley Defendants. Despite the Isley Defendants' requests for these documents from Shukat, the law firm is refusing to provide

the documents to the Isley Defendants because there is a dispute between Shukat and the Isley Defendants regarding outstanding amounts that have been billed by the firm in legal fees.[12]

   As made clear by Shukat's attorney, the Isley Defendants do not have control over Shukat's documents:

> "I also see there is a newly filed motion by plaintiff in which Shukat is discussed, directed at your clients' discovery responses. ***Plaintiff's motion indicates that they are under an important misapprehension about Shukat's files.*** __*The Shukat files are not under your clients' control.*__  There are outstanding past due invoices in the amount of $38,563.64 as of February 10, 2021. . . . Under settled New York and Second Circuit law retaining liens are enforced in discovery and other contexts.  In fact, "[i]t is only where there is no outstanding claim for unpaid legal fees that a client 'presumptively' has access to its file[.]"  *Law Firm* of *Ravi Batra, P.C. v. Rabinowich*, 77 A.D.3d 532, 533 (1st Dept. 2010) (citing *Matter of Sage Realty Corp. v. Proskauer Rose Goetz & Mendelson L.L.P.*, 91 N.Y.2d 30, 34 (1997). Even then, established exceptions to the right of access have been recognized by our state and federal courts."

Letter from Douglas Capuder, Esq. (Shukat's Counsel) to Rhonda H. Wills, Esq. (Isley Defendants' Counsel), 3/23/2021 (Ex. 4) (emphasis added).

   While the undersigned counsel is continuing to work in good faith with Mr. Capuder in an attempt to resolve the *bona fide* dispute between Shukat and the Isley Defendants regarding the contested fee bills, to date the matter has not been resolved.[13]  Shukat has refused and continues to refuse to provide the firm's documents to the Isley Defendants.[14]  Accordingly, Shukat's documents are not within the control of the Isley Defendants.

---

[12] Wills Decl. at ¶ 3.

[13] Wills Decl. at ¶ 4.

[14] Wills Decl. at ¶ 5. Shukat did provide a fee agreement with Ronald Isley and a fee agreement with Rudolph Isley, which the Isley Defendants produced after making a privilege analysis.  However, the Isley Defendants withheld from production a fee agreement with Shukat and the Isley Defendants in which Shukat was engaged to represent the Isley Defendants with respect to the current dispute with Plaintiff.  The fee agreement contained privileged information, and the Isley Defendants included this on their privilege log.  See Ex. 5.

      **b.**    **Under Second Circuit Precedent, the Isley Defendants Are Not Obliged to Produce, at the Risk of Sanctions, Documents that They Do Not Possess and Cannot Obtain.**

As held by the Second Circuit, "a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) (citing Fed. R. Civ. P. 34(a)). In *Shcherbakovskiy*, the Second Circuit considered the appropriate standard to apply when a third-party's documents are sought from a party to the litigation:

> Any party may serve on any other party a request to produce documents which are in the possession, custody or control of the party upon whom the request is served. ___*We also think it fairly obvious that a party also need not seek such documents from third parties if compulsory process against the third parties is available to the party seeking the documents.*___ However, if a party has access and the practical ability to possess documents not available to the party seeking them, production may be required.

*Id.* (internal citations omitted) (emphasis added).

Here, Plaintiff has moved to compel the Isley Defendants to produce the documents of a third party—Shukat—which they do not possess and have been unable to obtain. The Second Circuit makes clear in *Shcherbakovskiy* that the Isley Defendants are not obliged to produce documents that they "[do] not possess and cannot obtain." *Id*.

The Second Circuit further makes clear in *Shcherbakovskiy* that the Isley Defendants "need not seek such documents from [Shukat] if compulsory process against [Shukat] is available to the party seeking the documents"—here, Plaintiff. *See id*. As directed by the Second Circuit, here Plaintiff may use "compulsory process" against Shukat in order to seek the law firm's documents. In fact, Plaintiff's counsel is seemingly aware of the Second Circuit's directive in this respect because Plaintiff emailed subpoenas *duces tecum* to Shukat on March 3, 2021, and then abruptly and without explanation "withdrew" the subpoenas *duces tecum* on March 17, 2021. According

to Shukat's counsel, however, Plaintiff never actually served Shukat with the subpoenas, but merely emailed "courtesy copies" to Shukat before suddenly withdrawing the subpoenas *duces tecum*:

> "My clients [Shukat] had been sent multiple copies of subpoenas for testimony and documents, but were never served, and then without explanation last week the attorney for the plaintiff withdrew the subpoenas duces tecum."

Letter from Douglas Capuder, Esq. (Shukat's Counsel) to Rhonda H. Wills, Esq. (Isley Defendants' Counsel), 3/23/2021 (Ex. 4).

In a letter from Shukat's counsel to Plaintiff's counsel, it is further noted that Plaintiff's counsel failed to serve the subpoenas or work with Shukat's counsel in an attempt to get the requested documents and depositions:

> "My clients have received copies of subpoenas for documents and testimony.   We understand you have withdrawn the document subpoenas, but have stated your intention that the depositions will proceed.  I am writing to state our objections . . . . [T]hey have not been served, and you yourself have in emails stated that the copies sent to them by informal means are 'courtesy copies.'   The subpoenas do not allow reasonable time for compliance in any case. My clients and I cannot be available on the dates set out in the copy of the subpoenas emailed to them.   Please direct all future communications concerning this matter to me."

Letter from Douglas Capuder, Esq. (Shukat's Counsel) to Joshua D. Levin-Epstein, Esq. (Plaintiff's Counsel), 3/22/2021 (Ex. 7).

As noted by the Second Circuit in *Shcherbakovskiy*, "compulsory process" against Shukat remains a viable option for Plaintiff to obtain the relevant, non-privileged documents from Shukat—documents that are not within the control of the Isley Defendants. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) ("We also think it fairly obvious that a party also need not seek such documents from third parties if compulsory process against the

third parties is available to the party seeking the documents."). Plaintiff apparently was aware of

the directive of the Second Circuit to utilize "compulsory process" in order to obtain documents

from a non-party, but Plaintiff was not diligent in pursuing this avenue by arbitrarily withdrawing

and failing to even serve the subpoenas *duces tecum* for the requested documents on Shukat. *See*

Fed. R. Civ. P. 45 (subpoena). Further, Plaintiff did not tailor the requests to seek only non-

privileged, relevant documents, rather than all documents from the entirety of Shukat's legal

representation of the Isley Defendants since 2011.[15] It also appears from the correspondence from

Shukat's counsel to Plaintiff's counsel that there was no attempt or effort by Plaintiff's counsel to

work with or confer with Shukat's counsel with respect to the subpoenas. *See* Ex. 7. Accordingly,

Plaintiff's Motion to Compel the Isley Defendants to produce the Shukat documents and a

privilege log with respect to Shukat's documents should be denied.

### 2. Plaintiff's Motion with Respect to Geffen Documents Should Be Denied.

Plaintiff seeks an Order "compelling the Isley Defendants to produce documents

concerning non-party witness[] . . . Geffen."[16] Plaintiff argues that it requested documents relating

to Mr. Geffen under Document Request No. 3:

> "All documents and communications concerning any of the events
> concerning or relating to Plaintiff's above-captioned Action, by,
> among, and between the Isley Defendants, on the one hand, and the
> following Persons, on the other hand:
> …
> (vii) Any and all Persons that assisted the Isley Defendants
> regarding financing/asset sale(s) in connection with and/or
> concerning the Musical Assets;"[17]

---

[15] Prior to the abrupt and inexplicable withdrawal of the unserved subpoenas *duces tecum*, the Isley Defendants submitted a pre-motion letter to the Court regarding the subpoenas *duces tecum* to Shukat. The subpoena sought documents that were privileged and sought documents on unrelated matters, as Shukat has represented the Isley Defendants in a number of legal matters since 2011.

[16] Plaintiff's Notice of Motion at p. 1; Plaintiff's Mem. of Law at p. 1.

[17] Plaintiff's Mem. of Law at p. 3.

However, there is nothing in Plaintiff's FAC making any reference whatsoever to Mr. Geffen or concerning any purported "finder's fee." to Mr. Geffen.  Moreover, even assuming that Document Request No. 3 could be construed to apply to Mr. Geffen, the Isley Defendants do not have any responsive documents in their possession, custody or control.  Accordingly, Plaintiff's motion should be denied.

**B.      Plaintiff's Motion with Respect to the Isley Defendants' Interrogatory Responses Should Be Denied.**

Plaintiff seeks an order compelling the Isley Defendants to supplement their interrogatory responses and for sanctions because the Isley Defendants did not list four non-party individuals in their responses to Plaintiff's interrogatories.[18]  As discussed below, Plaintiff's motion should be denied.

Plaintiff's counsel did not seek or obtain leave from this Honorable Court to file a motion to compel interrogatory responses.  Further, nothing in Plaintiff's complaint or discovery requests ever mentioned or suggested that a "finder's fee" is at issue in this matter.  Moreover, when Plaintiff's counsel asked for contact information for one of these individuals on March 19, 2021, the Isley Defendant's counsel emailed the contact information immediately on the same day, and the Isley Defendants also supplemented their interrogatory responses and disclosures the following business day, on March 22.

Plaintiff fails to indicate any plausible reason that the Isley Defendants' interrogatory responses should be supplemented, other than the suggestion that the responses should have identified four individuals whose identity and contact information were all known to Plaintiff's counsel before Plaintiff filed its Motion to Compel supplemental interrogatory responses on March 22.  Specifically, Plaintiff served a subpoena on March 15 on the law firm of two of them (Matt

---

[18] Plaintiff's Mem. of Law at pp. 1-2.

Finkelstein and Ross Charap); one of them died in 2018 (Jeremy Geffen); and on March 19 the Isley Defendants' counsel provided contact information for the fourth one (Courtney Barnes).

1.    **No Leave Was Given Nor Was Leave Requested on a Motion to Compel Interrogatory Responses.**

Plaintiff seeks to compel the Isley Defendants to provide supplemental responses to Plaintiff's First Set of Interrogatories; however, Plaintiff never raised this issue in its request for a pre-motion conference, and the Court did not grant leave for Plaintiff to file a motion to compel on this issue.[19]  Instead, Plaintiff raised the issue of the Isley Defendants' interrogatory responses for the first time with the Court in a motion to compel, without first obtaining leave of Court to file a motion on that issue.

Pursuant to Rule 2(C)(ii) of this Court's Individual Rules of Practice in Civil Cases, pre-motion submissions are required and leave must be granted prior to a party filing motions concerning discovery and motions for sanctions.  Further, Local Civil Rule 37. 2 of the Southern District of New York provides that:

> *No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion* for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference.

---

[19] The only discussion in any way concerning interrogatories in Plaintiff's pre-motion letter was a request "that the Court permit Plaintiff to serve interrogatories and notices to admit on defendant Rudolph Isley instead of a deposition" due to his health condition. Plaintiff's Pre-Motion Letter, 3/10/2021 [Dkt. 66]. The Court granted the request and Plaintiff served Rudolph Isley with two sets of special interrogatories on March 25 and 26.  Rudolph Isley's responses to those special interrogatories are not due until April 8 (first set) and April 9 (second set).

Here, Plaintiff's Motion to Compel supplemental responses to Plaintiff's First Set of Interrogatories does not comply with Rule 2(C)(ii) of the Court's Individual Rules of Practice in Civil Cases or Local Civil Rule 37.2 of the Southern District of New York.

Plaintiff did not seek leave to file a motion to compel with respect to its <u>interrogatories</u>, nor did the Court grant leave to file a motion to compel interrogatory responses. Specifically, in Plaintiff's pre-motion letter, Plaintiff stated as follows:

> This letter also serves as a request for a pre-motion conference on Plaintiff's *contemplated motion to compel the Isley Defendants to produce responsive documents to Plaintiff's First Request for Production of Documents* . . .

> As set forth below, this letter represents Plaintiff's last resort following a frustrated *effort to simply obtain responsive documents from the Isley Defendants*. Thus, the Court's intervention is required to schedule a Local Rule 37.2 pre-motion conference on Plaintiff's contemplated motion to compel, pursuant to Fed. R. Civ. P. 39(a).[20]

Accordingly, Plaintiff failed to adhere to and satisfy the pre-motion requirements under both this Honorable Court's Individual Rules of Practice in Civil Cases and the SDNY Local Civil Rules for bringing a motion to compel and motion for sanctions with respect to the Isley Defendants' responses to Plaintiff's First Set of Interrogatories. Therefore, the motion should be denied.

**2.    Plaintiff's Pleadings and Discovery Requests in No Way Mention a 'Finder's Fee' or Any of the Disputed Individuals That Plaintiff Alleges the Isley Defendants Should Have Identified in Their Interrogatory Responses.**

Plaintiff filed a 43-page First Amended Complaint ("FAC") in which it describes in detail the allegations in this matter and sets forth alternative theories for its breach of contract claim against the Isley Defendants: an exclusive right of sale, or alternatively, an exclusive agency agreement. Plaintiff asserts that:

---

[20] Plaintiff's Pre-Motion Letter, 3/10/21 [Dkt. 66].

> [T]here is a long-established distinction in New York law between agreements that give a broker the exclusive right of sale, as contrasted with an exclusive agency. Under the former, the principal is liable to the broker if the principal makes a sale without involving the broker. Under the latter, the principal is precluded from employing another broker, but can make a sale himself without becoming liable to the broker for a commission.

FAC at ¶ 90.

In sum, Plaintiff's alternative theory to its "exclusive right of sale" breach of contract claim is an "exclusive agency" claim premised on the allegation that Shukat acted as the Isley Defendants' broker or agent with respect to the asset sale to Reservoir and purported asset sale to EMI. FAC at ¶¶ 157-165. Specifically, Plaintiff's FAC states that,

> "Alternatively, to the extent that the Isley Brothers claim that the Engagement Letters constitute an exclusive agency agreement, Pullman is still entitled to compensation under Paragraph 5 because the ***Isley Brothers used another agent, Shukat***, in violation of the express terms of Pullman's exclusive contractual rights."

FAC at ¶ 162. As the sole basis for its "exclusive agency" claim, Plaintiff pled in its FAC that "Michael Frisch and Jonas Herbson of Shukat and the Shukat firm specifically rendered ***brokerage and/or agency services*** for the Isley Brothers in connection with the EMI Transaction and the Reservoir Transaction and/or the Isley Brothers' Musical Assets." FAC at ¶ 58 (emphasis added); *see also* ¶ 52-60, 162. A "finder" and a "broker" are not the same.[21]  Nothing in Plaintiff's complaint alleges that a "finders' fee" is at issue here, and Plaintiff further specifically pled that ***Shukat*** acted as the Isley Defendants' broker or agent.

There are four individuals that Plaintiff now asserts received a "finders' fee and/or consultancy fee" (although no such allegations were made in Plaintiff's complaint about a

---

[21] *Int'l Techs. Mktg. v. Verint Sys.,* 157 F. Supp. 3d 352, 361 (S.D.N.Y. 2016) ("[A] finder is not a broker, although they perform some related functions.") (quoting *Northeast Gen. Corp. v. Wellington Advert., Inc.*, 82 N.Y.2d 158, 624 N.E.2d 129, 131, 604 N.Y.S.2d 1 (N.Y. 1993)).

"finder"), and therefore, should have been identified in the Isley Defendants' interrogatory responses—namely, Matt Finkelstein, Ross Charap, Jeremy Geffen and Courtney Barnes. Plaintiff contends that all four individuals "requested finders' fees in connection with the Reservoir Transaction."[22] Plaintiff asserts that it learned of these individuals through documents produced by Reservoir on March 11, 2021, which included correspondence between <u>Reservoir</u> and some of these individuals. Yet, Plaintiff does not complain that Reservoir did not identify these individuals in its interrogatory responses or Rule 26 disclosures. Moreover, Plaintiff's own Rule 26 disclosures only identify <u>one</u> individual likely to have discoverable information in this case: David Pullman. (Ex. 8). Further, Plaintiff's counsel knew the identity and contact information of all four individuals <u>before</u> filing its motion to compel supplemental interrogatory responses.

On March 15, 2021, Plaintiff requested documents relating to two of these persons—Matt Finkelstein and Ross Charap—by sending a subpoena *duces tecum* to Akerman LLP, their law firm which was identified on the correspondence produced by Reservoir.[23] Then, during a telephone call on Friday, March 19, when all counsel were discussing an agreed motion to extend the discovery deadlines and potential third parties that Plaintiff might want to depose—for the first time and only time—Plaintiff's counsel mentioned Mr. Geffen and Mr. Barnes. Specifically, Plaintiff's counsel stated that he believed that Mr. Geffen was deceased, and therefore, could not be deposed.[24] Plaintiff's counsel further stated that he wanted contact information for Courtney Barnes, which the undersigned counsel provided promptly *on the same day, March 19,* following the call—and *before* Plaintiff filed its motion to compel. (Ex. 9). The following business day, which was March 22, the Isley Defendants supplemented their interrogatory responses and Rule

---

[22] Plaintiff's Mem. of Law at p. 5.
[23] According to LinkedIn, Mr. Finkelstein and Mr. Charap are now attorneys at Arent Fox LLP.
[24] According to Wikipedia, Jeremy Geffen died on August 22, 2018.

26 disclosures to also reflect the contact information for Mr. Barnes.  (Exs. 10, 11). At no time did Plaintiff ever mention any defects with the Isley Defendants' interrogatory responses or an alleged failure to identify any of these four individuals during the pre-motion conference with Court on March 17.

### C.      Plaintiff's Motion for Sanctions Should Be Denied.

#### 1.      Legal Standard.

As indicated by the Second Circuit in *Shcherbakovskiy*, an award of sanctions is not merited when a party does not have control over a non-party's documents that a party seeks to compel. *Shcherbakovskiy v. Da Capo Al Fine, Ltd*., 490 F.3d 130, 138 (2d Cir. 2007) ("[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain.").

The Second Circuit recently addressed the issue of sanctions in the context of discovery matters.  *Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216 (2d Cir. 2020).  In *Yukos*, the plaintiffs moved for Rule 37 sanctions against the defendant, arguing that he gave perjurious testimony at a deposition and withheld documents.  *Id*. at 227.  The district court denied the motion, and the plaintiffs appealed; however, the Second Circuit affirmed the lower court's denial of sanctions. *Id*. Additionally, the Second Circuit discussed the imposition of sanctions under the court's inherent powers.  The Court emphasized the U.S. Supreme Court's clarification "that courts should impose sanctions pursuant to their inherent authority only in rare circumstances."  *Id.* at 235 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).  Further, the Second Circuit noted, "[i]n the discovery context . . . discretion should be exercised with even more restraint than usual."  *Id.* at 235.

Similarly, in *Shcherbakovskiy*, the Second Circuit reversed a district court's imposition of sanctions for a discovery violation. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130 (2d Cir. 2007). The district court granted the defendant's motion for sanctions after the plaintiff failed to produce documents. The plaintiff, a chairman on the board of a Russian corporation, argued that he could not access the documents because of both his minority position on the board and the constraints of Russian law. *Id.* at 134. The Second Circuit vacated and remanded the lower court's grant of sanctions, explaining that "a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." *Id.* at 138. Further, the Second Circuit held that "a party also need not seek such documents from third parties if compulsory process against the third parties is available to the party seeking the documents. However, if a party has access and the practical ability to possess documents not available to the party seeking them, production may be required." *Id.* at 138.

### 2. The Isley Defendants Complied with this Honorable Court's Order.

This Honorable Court's Order provided that the Isley Defendants were to supplement their responses to Plaintiff's First Request for the Production of Documents by March 18, 2021. [Dkt. 71]. The Isley Defendants complied with the Court's Order and supplemented their responses, withdrew all objections, produced over 1,000 pages of documents and provided a privilege log with respect to all documents being withheld pursuant to an assertion of privilege.

### 3. Sanctions Are Not Merited Here Under Rule 26(g)(3) and 37(c)(1).

Here, Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 26(g)(3) and 37(c)(1). Sanctions should be denied on both grounds.

Rule 26(g)(3) provides:

> *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its

own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.  Fed. R. Civ. P. 26(g)(3).

Similarly, Rule 37(c)(1) provides:

> *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and
> >
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Here, sanctions and attorney's fees and costs should be denied.  As discussed above, Plaintiff's pleadings and discovery requests in no way suggested that a 'finder's fee' or any of the four individuals that Plaintiff now asserts should have been identified in the Isley Defendants' interrogatory responses—namely, Matt Finkelstein, Ross Charap, Jeremy Geffen and Courtney Barnes—would have any relevance in this matter.

Plaintiff filed a 43-page complaint in which it described in detail the allegations in this matter. Plaintiff specifically alleged that the *Shukat* attorneys "rendered brokerage and/or agency services for the Isley Brothers in connection with the EMI Transaction and the Reservoir Transaction and/or the Isley Brothers' Musical Assets."[25] Plaintiff alleges that its claim for breach of an "exclusive agency" agreement requires that the Isley Defendants used another ***broker*** for its asset sales, rather than Plaintiff. *See* FAC at ¶ 90 (under an exclusive agency agreement, "the

---

[25] Plaintiff's FAC at ¶ 57.

principal is precluded from employing another ***broker***"). On the contrary, "a finder is not a broker."[26] Here, Plaintiff specifically and unequivocally pled in its FAC that ***Shukat***—not anyone else—acted as the Isley Defendants' broker as the basis for its "exclusive agency" cause of action.[27] Thus, nothing in Plaintiff's complaint alleges that a "finders' fee" or "consultancy fee" is at issue in this case, or that any of these individuals should be identified given fact that the claim is premised on Plaintiff's specific pleading in the FAC that <u>Shukat</u> acted as the Isley Defendants' broker or agent with respect to the asset sales at issue.

Moreover, no leave of Court was ever requested or granted regarding a motion to compel the Isley Defendants to supplement their responses to Plaintiff's First Set of Interrogatories. The Isley Defendants nevertheless supplemented both their Rule 26 disclosures and interrogatory responses on March 22, in which they assert no objections to any interrogatory. (Exs. 10, 11). Further, the undersigned counsel immediately provided contact information for Courtney Barnes when Plaintiff's counsel raised the issue of potentially wanting to take his deposition on March 19. Likewise, with respect to Plaintiff's document requests, the Isley Defendants do not have control over the Shukat documents, and have no responsive documents with respect to Mr. Geffen. Under these circumstances, sanctions should not be awarded pursuant to Federal Rule of Civil Procedure 26(g)(3) and Rule 39(c)(1).

As discussed above, Plaintiff's motion to compel (1) "documents concerning non-party witnesses Shukat and Geffen," and (2) supplemental interrogatory responses, should be denied,

---

[26] *Int'l Techs. Mktg. v. Verint Sys.*, 157 F. Supp. 3d 352, 361 (S.D.N.Y. 2016) ("[A] finder is not a broker, although they perform some related functions.") (quoting *Northeast Gen. Corp. v. Wellington Advert., Inc.*, 82 N.Y.2d 158, 624 N.E.2d 129, 131, 604 N.Y.S.2d 1 (N.Y. 1993)).

[27] FAC at ¶ 163. ("Alternatively, to the extent that the Isley Brothers claim that the Engagement Letters constitute an exclusive agency agreement, Pullman is still entitled to compensation under Paragraph 5 because the Isley Brothers ***used another agent, <u>Shukat</u>***, in violation of the express terms of Pullman's exclusive contractual rights.") (emphasis added).

and no sanctions or attorney's fees and costs may be awarded to Plaintiff if the motion is denied. Fed. R. Civ. P. 37(a)(5)(B).

However, even if a motion to compel is granted, Rule 37(a)(5)(A) does not permit an award of attorney's fees and expenses to a movant under certain circumstances:

> [T]he court <u>must not</u> order this payment (of movant's attorney's fees and expenses) if:
>
> (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii)  other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  Notably, Plaintiff did not move for sanctions under Rule 37(a), but only seeks sanctions pursuant to Rule 26(g)(3) and 37(c)(1).  Here, sanctions are not merited on any ground.

As discussed above, the Isley Defendants do not have control over the Shukat documents, and have no responsive documents with respect to Mr. Geffen.  Moreover, Plaintiff filed the motion to compel interrogatory responses without attempting in good faith to obtain the discovery, without filing a pre-motion letter seeking leave to file a motion to compel interrogatory responses and without leave of the Court to file the motion.  Plaintiff failed to follow the requirements of the Court's Individual Rules of Practice in Civil Cases, SDNY Local Civil Rules and Federal Rule of Civil Procedure 37.  The information that Plaintiff asserts should have been supplemented in the Isley Defendants' interrogatory responses was known to Plaintiff's counsel before the motion was filed, including contact information provided by the Isley Defendants' counsel.  Nothing in Plaintiff's FAC or discovery requests provides that a "finder's fee" or "consultancy fee" or that

any of the four individuals identifies were at issue.  Instead, Plaintiff pled with specificity its claim that ***Shukat*** acted as the Isley Defendants' broker in violation of a purported "exclusive agency" right.  Likewise, the Isley Defendants on their own accord supplemented both their responses to Plaintiff's First Set of Interrogatories and Rule 26 disclosures on the same day that Plaintiff filed its Motion for Sanctions and Motion to Compel with respect to Plaintiff's First Set of Interrogatories.  These are circumstances that "make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

### III.    CONCLUSION

For all the foregoing reasons, the Isley Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 26(g)(3) and 37(c)(1) and Motion to Compel.


Dated: March 30, 2021                     Respectfully submitted,


                                          WILLS LAW FIRM, PLLC

                                          */s/ Rhonda H. Wills*
                                          Rhonda H. Wills
                                          New York Bar No. 5373295
                                          rwills@rwillslawfirm.com
                                          Wills Law Firm, PLLC
                                          1776 Yorktown, Suite 570
                                          Houston, Texas 77056
                                          Telephone: (713) 528-4455
                                          Facsimile: (713) 528-2047

                                          ATTORNEY FOR ISLEY DEFENDANTS

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that the foregoing document has been electronically filed with the clerk of the Court by using the CM/ECF system, which will in turn send a notice of the electronic filing to all counsel of record, on this 30th day of March, 2021.


*/s/ Rhonda H. Wills*
Rhonda H. Wills