# EXHIBIT 4

## CAPUDER FAZIO GIACOIA LLP

ATTORNEYS AT LAW
90 BROAD STREET
NEW YORK, NEW YORK 10004-2627

TELEPHONE
(212) 509-9595

TELECOPIER
(212) 509-9597

March 23, 2021

**BY EMAIL AND FIRST CLASS MAIL**

Rhonda H. Wills, Esq.
Wills Law Firm, PLLC
1776 Yorktown, Suite 570
Houston, TX 77056

Re: *Pullman Group v. Isley, et al.*, SDNY 20cv7293-GHW

Dear Ms. Wills:

I am writing following our conversation this afternoon to be sure my position is clear with respect to my clients, Jonas Herbsman and Michael Frisch of Shukat Arrow Hafer Weber & Herbsman LLP (now Herbsman Hafer Weber & Frisch LLP) and the firm. (In this letter, I will refer to my clients collectively as Shukat).

I reached out to you late last week in anticipation of our needing to cooperate with each other to protect privileges vested in your clients, the Isleys, who were also represented by Shukat in a number of matters between about 2011 and 2019. My clients had been sent multiple copies of subpoenas for testimony and documents, but were never served, and then without explanation last week the attorney for the plaintiff withdrew the subpoenas duces tecum. Looking at Pacer, I realize that you had filed a pre-motion conference letter seeking to quash subpoenas directed at Shukat. I also see there is a newly filed motion by plaintiff in which Shukat is discussed, directed to your clients' discovery responses. Plaintiff's motion indicates they are under an important misapprehension about Shukat's files.

The Shukat files are not under your clients' control. There are outstanding past due invoices in the amount of $38,563.64 as of February 10, 2021. I mentioned the outstanding bills in my first conversation with you last Friday, but not the amount. Your clients have known of them because invoices have been rendered periodically to (and my clients tell me, not disputed by) Ronald Isley, Rudolph Isley and Isley Brothers LLC for years. Under settled New York and Second Circuit law retaining liens are enforced in discovery and other contexts. In fact, "[i]t is only where there is no outstanding claim for unpaid legal fees that a client 'presumptively' has access to its file[.]" *Law Firm of Ravi Batra, P.C. v. Rabinowich*, 77 A.D.3d 532, 533 (1st Dept. 2010) (*citing Matter of Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*, 91 N.Y.2d 30, 34 (1997). Even then, established exceptions to the right of access have been recognized by our state and federal courts. A former client is not entitled to "'documents intended for internal law office review and use,'" such as "internal conversations among law firm

Wills Law Firm, PLLC			March 23, 2021			Page 2 of 2

partners" (*In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 346 (S.D.N.Y. 2011) (*quoting Sage Realty*), or "attorney notes, internal research memoranda, and research outline[s]" (*Lippe v. Bairnco Corp.*, 1998 WL 901741, at *2 (S.D.N.Y. 1998)). Case law permits former clients to pay the amount due or post a bond. *Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983) ("Indeed, we have held failure to impose such conditions [on release of a file subject to a retaining lien] to be an abuse of discretion" citation omitted). "The attorney's lien cannot be disregarded merely because the pressure it is supposed to exert becomes effective." *Id.* (internal quote marks and citation omitted).

New York also recognizes that assemblage and delivery of documents to the former client is properly chargeable to the client under customary fee schedules of the firm. *Sage Realty*, 91 N.Y.2d at 38. In addition, a firm may charge a former client for retrieving electronic documents from their storage media and reviewing those documents to determine a client's right of access. NYCBA Ethics Opinion 2008-1. My assessment is that the costs of doing so here would be approximately $15,000. I am willing to hold the amount in escrow pending our determination of time and expenses actually incurred and if any amount remains unspent, return any excess to you.

We are willing to work with you to identify specific legal matters on which Shukat was engaged and to search for and assemble files concerning those matters that go back to a date you, or you and opposing counsel, determine to be material to the issues in suit, provided the financial issues we discussed can be resolved. But certain things we cannot and will not do. We will not create a privilege log. Nor will we analyze or attempt in any way to respond to the document demand plaintiff has directed to your clients.

I believe these matters can and should be resolved. Please speak with your clients and let me know when we can talk again. Finally, it comes as a surprise that Shukat has been a central focus of discovery disputes, but none of the attorneys involved have sought to put my clients on notice until after the fact. I would request that we be provided with copies of any documents referring to my clients in advance of filing.

Very truly yours,

Douglas Capuder

DC/pl